A98A1560. IN THE INTEREST OF J. B., a child.
(507 SE2d 874)

SMITH, Judge.

This appeal arises out of the juvenile court's order transferring J. B. to the superior court for prosecution. J. B. contends the State failed to meet its burden of showing that he was 15 years old at the time of the alleged offenses, that the court erroneously found him unamenable to treatment, and therefore that the evidence presented to the juvenile court was insufficient to warrant transfer. We conclude that the juvenile court did not abuse its discretion in ordering the transfer, and we affirm.[1]

J. B. was arrested after being involved in a confrontation with other youths in the parking lot of Norcross High School. Evidence was presented at the transfer hearing that J. B. was a gang member and that, during this confrontation, he pulled a gun from his pants pocket, pointed it at a group of youths, cocked it, and screamed at them asking whether they wanted to die. A police officer responded to a call concerning the confrontation and arrested J. B. The officer testified that a minor arrested with J. B. stated that he heard a "click" as if J. B. had pulled the trigger, but that this minor knew the gun was not loaded. This officer also testified that J. B. told him that he pulled the gun but did not fire it and that if the gun had had bullets in it, he would have shot the youths, whom he believed to be rival gang members. After his arrest, J. B. was charged in juvenile court with being delinquent by committing acts which, had they been committed by an adult, would have been six counts of aggravated assault, one count of carrying a concealed weapon, and one count of carrying a weapon within a school safety zone. The State then suc-

---

[1] Although we quote portions of the juvenile court's order in the opinion's text, for the sake of clarity, we set out here in its entirety the relevant paragraph of the order showing the basis for the juvenile court's decision: "[T]he interests of the juvenile and the community require that the juvenile be placed under legal restraint and the transfer be made. The Court specifically finds that the juvenile is not amenable to treatment in the juvenile system, that it would be harmful to the juvenile system and those in that system to be exposed to the juvenile, that the juvenile poses an extreme threat of violence to the community and the community's school system, that the juveniles [sic] threats of violence and gang membership and activities would be harmful to the juvenile system, that the severity and heinous nature of these offenses and the communities [sic] interest in trying this juvenile in Superior Court outweigh any possible amenability to treatment that may exist for the juvenile or the juvenile's general interest in being adjudicated in the Juvenile Court system."

cessfully sought transfer of J. B. to superior court for prosecution under OCGA § 15-11-39.

1. J. B. contends the State failed to meet its burden of showing that he was 15 years old at the time of the offense, as required by OCGA § 15-11-39 (a) (4). See generally *C. L. A. v. State of Ga.*, 137 Ga. App. 511, 512 (3) (224 SE2d 491) (1976) (burden of meeting requirements of transfer on State). We do not agree. Although no direct testimony of J. B.'s age at the time of the offense was presented, the delinquency petition recites that J. B.'s date of birth was February 1, 1983. Also, the juvenile court had before it when ordering transfer a court-ordered psychological evaluation reciting that J. B.'s date of birth was February 1, 1983. The acts in issue occurred February 11, 1998, making J. B. 15 years old on that date.[2]

2. J. B. also argues that the trial court erroneously found that he is not amenable to treatment in the juvenile system without reflecting in its order the reasons for this finding. Although the transfer order does contain this finding without showing the factual basis for it, we conclude that reversal is not required.

To transfer an offense for prosecution from juvenile to superior court, a juvenile court must determine among other things that reasonable grounds exist to believe that the interests of both the child and the community require transfer. OCGA § 15-11-39 (a) (3) (C).[3] Whether the child is amenable to treatment in the juvenile system is but one factor for the juvenile court to consider when making this determination. *State v. M. M.*, 259 Ga. 637, 639 (2) (a) (386 SE2d 35) (1989). When the State seeks transfer based in part on a child's non-amenability to treatment in the juvenile system, it must prove the child is not amenable to treatment. And "if the juvenile court relies in part on the child's non-amenability to treatment in ordering the transfer, the transfer order . . . must reflect why the child is not amenable to treatment. [Cit.]" Id. at 639-640 (2) (b). But even a juvenile amenable to treatment may be transferred to superior court. If the State argues that the community's interest outweighs any interest the juvenile may have in receiving treatment in the juvenile system, it need not prove non-amenability to treatment, and the transfer order need not reflect why the child is not amenable. "Instead, the order must balance the child's interest in treatment in the juvenile system, including but not limited to his amenability to treatment,

---

[2] We note that the prosecutor also stated without objection that J. B.'s date of birth was February 1, 1983.

[3] The juvenile court also must determine that reasonable grounds exist to believe that the child committed the alleged delinquent act and that the child is not committable to an institution for the mentally retarded or mentally ill. OCGA § 15-11-39 (a) (3) (A), (B). The juvenile court made these findings, which were not appealed by J. B.

against the community's interest in treating the child as an adult." Id. at 640 (2) (c).

As argued by J. B., the juvenile court recited in the transfer order that J. B. is not amenable to treatment without reflecting the basis for that finding. But despite this finding, our review of the record and the transfer order as a whole shows that the transfer was not based on a finding of non-amenability. During the transfer hearing, the court orally concluded that transfer was warranted. In making this oral ruling, the court questioned whether non-amenability was a ground for transfer and was told by the prosecutor as well as defense counsel that this factor was not a ground under OCGA § 15-11-39. The court then ordered transfer without mentioning amenability; the court commented on the severity of J. B.'s offenses, expressing concern about sending such a dangerous person into the juvenile system with other children. Finding J. B. to be "just too dangerous for" juvenile programs, the court ordered transfer. The juvenile court's oral findings show that although non-amenability may or may not have been considered by the court, J. B. was transferred for other reasons.

Also, the transfer order itself reflects that non-amenability to treatment was not the basis for the juvenile court's decision. Notwithstanding the statement that J. B. was not amenable to treatment, in the order the juvenile court recognized the possibility that J. B. might be amenable to treatment and weighed that factor against the interests of the community. After finding that J. B. could be dangerous to the juvenile system and posed "an extreme threat of violence to the community and the community's school system," the court stated that "the severity and heinous nature of these offenses and the [community's] interest in trying this juvenile in Superior Court outweigh any possible amenability to treatment that may exist for the juvenile or the juvenile's general interest in being adjudicated in the Juvenile Court system." This conclusion comports with the requirement set out in *M. M.* that the juvenile court balance the child's interests against those of the community. Because the court did not rely on non-amenability to treatment in ordering transfer and clearly reflected in its order the balancing analysis required by *M. M.*, and because evidence was presented supporting the juvenile court's finding of J. B.'s potential danger to other youths and the community at large — that he brandished a gun on school property, threatened six youths, and stated that he would have shot them if he had had ammunition — we cannot say that the juvenile court erred in ordering transfer.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 16, 1998.

*David L. Whitman,* for appellant.

*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney,* for appellee.