527 S.E.2d 18 (1999)
241 Ga. App. 736
In the Interest of J.B.H., a child.
No. A99A1642.
Court of Appeals of Georgia.
December 6, 1999.
Reconsideration Denied January 7, 2000.
Certiorari Denied May 26, 2000.
*19 Witcher & Witcher, Thomas M. Witcher, James E. Hulsey, Jr., Bremen, for appellant.
James R. Osborne, District Attorney, for appellee.
ANDREWS, Presiding Judge.
J.B.H. appeals from the juvenile court's order granting the State's motion to transfer his case to superior court. Because the juvenile court's determination is supported by the evidence in the record, we affirm.
The case arose when J.B.H., who was sixteen at the time, and two juvenile girls, J.L.B. and J.R., took his father's car and ran away, apparently planning to go to Florida. The car broke down, and the three juveniles walked to the house of someone J.L.B. knew through school, Denise McClure. J.L.B. asked McClure to take them to a nearby trailer park. After the three runaways were in McClure's van, they told her that she must take them to Alabama. When McClure refused, J.R. held a butcher knife to McClure's throat and told her to stop driving and give her the keys.
McClure stopped the van and got out, and the van took off with J.R. driving. When officers caught up with the van and signaled for them to stop, J.B.H. was driving. He refused to stop and sped up with the officers in pursuit. At some point, the van ran out of gas, and all three of the youths jumped out of the van while it was still coasting. Officers caught them almost immediately. When the officers searched the van, they found another butcher knife in J.L.B.'s bag and a full face mask in J.B.H.'s bag.
J.B.H. was charged with armed robbery, aggravated assault, hijacking, fleeing and attempting to elude police, reckless driving, speeding, giving false information to law enforcement officers, and criminal trespass. The State petitioned the juvenile court to transfer the case to superior court, and the court granted that petition. This appeal followed.
A juvenile court may transfer an offense for prosecution in the superior court if the court determines there are reasonable grounds to believe that (1) the child committed the delinquent act; (2) the child is not mentally ill; (3) the interests of the child and the community require that the child be placed under legal restraint and the transfer be made; and (4) the child was at least 15 years of age at the time of the alleged delinquent conduct or the child was 13 or 14 years of age at the time and committed an offense for which the punishment is loss of life or confinement for life in a penal institution. OCGA § 15-11-39(a)(3). Here, the juvenile court found that J.B.H. was 16 at the time the acts were committed, that there were reasonable grounds to believe he committed the delinquent acts, that he was not mentally ill, and that he was not amenable to treatment in the juvenile system. This last factor, combined with the seriousness of the offenses, led the juvenile court to conclude that it was in the best interests of the child and the community that the case be transferred to the superior court.
On appeal from this determination, J.B.H. claims the court erred in two ways. First, he argues there were not reasonable grounds to believe that he committed the crimes alleged and, second, there was not sufficient evidence to find that he would not be amenable to treatment in the juvenile system.
When considering an order of the juvenile court transferring jurisdiction,
the function of this court is limited to ascertaining whether some evidence exists to support the juvenile court's determination. Determinations of a juvenile court made on an exercise of discretion[,] if based upon evidence, will not be controlled by this court.
(Punctuation omitted.) In the Interest of E.M., 198 Ga.App. 729, 732, 402 S.E.2d 751 (1991).
*20 1. J.B.H. first argues the juvenile court erred because the State did not establish that he committed the offenses alleged. Specifically, J.B.H. argues there is no evidence he was a co-conspirator to the crime of armed robbery. J.B.H. states in his brief that of all the offenses J.B.H. was charged with, "only the offense of Armed Robbery would support transferring his case to Superior Court." We disagree.
It is true that if the child whom the State is seeking to transfer is only thirteen or fourteen years old, then the alleged delinquent act must be one "for which the punishment is loss of life or confinement for life in a penal institution." OCGA § 15-11-39(a)(4). But, J.B.H. was sixteen at the time of the alleged delinquent conduct, and therefore, there is no requirement that the crime be one punishable by loss of life or life imprisonment.
Moreover, the statute requires only that the court find there were "reasonable grounds" to believe the child committed the crime, not proof beyond a reasonable doubt. In re K.S.J., 258 Ga. 52, 365 S.E.2d 820 (1988). Here, there were reasonable grounds to determine J.B.H. was a party to the crimes charged.
Everyone concerned in the commission of a crime is a party to that crime and may be charged and convicted. A person is "concerned" in the commission of a crime if he intentionally aids or abets in the commission of the crime or intentionally advises, encourages, hires, counsels, or procures another to commit the crime. OCGA § 16-2-20. Here, the juvenile court could have reasonably concluded from the evidence that there was a common criminal intent between the juveniles to take the van from McClure by using the butcher knife. OCGA § 16-8-41. There was evidence that both girls had butcher knives, that J.B.H. had a face mask, that one of the girls talked McClure into giving them a ride, that the juveniles originally intended to go to Florida, and that they intended either to force McClure to take them there or to drive her van there themselves. Thus, the evidence supports the juvenile court's finding that reasonable grounds exist to believe J.B.H. committed the acts alleged. In the Interest of S.B.B., 234 Ga.App. 778, 779, 507 S.E.2d 879 (1998).
2. J.B.H. also argues the juvenile court erred in finding that he would not be amenable to treatment in the juvenile system. He contends that he should be allowed to go back into the juvenile system because when he was in that system previously, he was not given medications or psychological treatment which might have made a difference and allowed him to be successfully rehabilitated.
The evidence in the record does not support this contention. J.B.H.'s supervising probation officer testified at the hearing. She stated that she had been his probation officer for about five years and that he first came under her supervision in December 1993, after being charged with theft by taking when he stole a gun from his aunt. In January 1995, J.B.H. was charged with being unruly, simple battery, criminal damage to property, and entering an automobile. At that time, he was placed at a youth detention center, awaiting funding for placement at the "Bridge" in Atlanta, a specialized residential placement program which is extremely expensive. J.B.H. entered the Bridge program but was removed in less than two weeks for failure to comply with the rules and aggressive and disruptive behavior. While awaiting an opening in another facility, J.B.H. was allowed to go home and, in November 1995, was charged with two counts of simple battery when he punched his sister in the stomach and choked her. After this charge, J.B.H. ran out of the probation officer's office and was missing for about 30 days. He was returned to the YDC and was accepted in the Wolf Creek program, an outdoor wilderness program which he successfully completed. But, in July 1996, he was charged with breaking another boy's nose while in "lock-up." J.B.H. then went to Eastman, the most restrictive juvenile placement, and stayed there for approximately 13 months. The probation officer also said that J.B.H. had to be moved from the Paulding Regional Youth Detention Center where he was being housed pending these charges because he had physically attacked several other students. Based *21 on all of the above, the probation officer stated that there was no further placement for J.B.H. in the juvenile system.
The psychologist who evaluated J.B.H. testified that he was not mentally retarded or mentally ill and knew right from wrong. She diagnosed J.B.H. with "conduct disorder, severe childhood onset[,] polysubstance dependence[,] and emergent antisocial personality features." The psychologist stated that J.B.H. had been in treatment, but it did not appear to have been very helpful to him. She concluded that because his behaviors had continued in spite of treatment efforts, that he was not amenable to treatment. The psychologist recommended treatment in a "controlled environment where there are behavioral rewards and consequences for behaviors pro-social as well as not pro-social."
The trial court properly considered the evidence on whether J.B.H. was amenable to treatment in the juvenile system.
[W]hether a child is amenable to treatment in the juvenile system is a factor to consider in determining the child's and the community's interest[s]. If the evidence shows the child is not amenable to treatment, the child's interest in treatment in the juvenile system is minimized because of the treatment's potential ineffectiveness, and, because of that ineffectiveness, the community has an interest in treating the child as an adult.
State v. M.M., 259 Ga. 637, 639(2)(a), 386 S.E.2d 35 (1989). Moreover, even if there is evidence that the child may be amenable to treatment, the juvenile court may still transfer the case if it finds that the amenability factor is outweighed by the interest of the community in treating this child as an adult. In re K.S.J., supra at 54, 365 S.E.2d 820.
In this case, the juvenile court's order is thorough and well reasoned, setting out in great detail all the factors it considered in determining that J.B.H. was not amenable to treatment in the juvenile system. The order also shows that the court balanced the child's interest in being treated in the juvenile system against the community's interest in treating the child as an adult. Waller v. State, 261 Ga. 830, 831, 412 S.E.2d 531 (1992). The juvenile court noted that one factor supporting a finding of nonamenability to treatment in the juvenile system is that J.B.H. has serious charges pending and a history of past rehabilitative attempts which have proven fruitless. In the Interest of J.D., 195 Ga.App. 801, 395 S.E.2d 280 (1990). Thus, J.B.H.'s interest in treatment in the juvenile system is minimized because of the potential ineffectiveness of that treatment, and therefore, the community has an interest in treating him as an adult. State v. M.M., supra at 639, 386 S.E.2d 35.
Accordingly, there was sufficient evidence to support the juvenile court's determination that because of the serious nature of the offenses and in light of J.B.H.'s past history in the juvenile system, the interests of the child and the community would be better served if the case were transferred to superior court. We find no abuse of discretion in the juvenile court's determination.
Judgment affirmed.
RUFFIN and ELLINGTON, JJ., concur.