543 S.E.2d 811 (2000)
247 Ga. App. 437
In the Interest of B.J.W., a child.
No. A00A2001.
Court of Appeals of Georgia.
December 28, 2000.
*812 E. Michael Moran, Marietta, for appellant.
Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney, for appellee.
BARNES, Judge.
B.J.W. appeals the order of the juvenile court transferring his case to superior court so that he could be treated as an adult offender. He contends the juvenile court abused its discretion because the State did not meet its burden of proving that he was not committable to an institution for the mentally ill. B.J.W. also contends the juvenile court failed to balance his amenability to treatment in the juvenile system with the interests of the community. Although we do not agree that the juvenile court abused its discretion, we must remand the case to the juvenile court because we find that the juvenile court's order failed to show the required balancing of the interests of B.J.W. and the community.
The record shows that B.J.W., 16, was apprehended for an assault on his teacher in a classroom at Wayne County High School. Two days later, a petition was filed in juvenile court charging him with aggravated assault *813 (OCGA § 16-5-21), possession of a knife during the commission of a felony (OCGA § 16-11-106), and carrying a knife on school property (OCGA § 16-11-127.1). On the State's motion, the juvenile court held a hearing to determine whether B.J.W.'s case should be transferred to superior court for trial. After the hearing, the trial court issued an order granting the State's motion. The juvenile court found that probable cause existed to believe that B.J.W. committed the offenses of aggravated assault, possession of a knife during the commission of a felony, and carrying a knife on school property. The juvenile court specifically found that B.J.W. stabbed his teacher in the neck at the high school and that the stab wound was two and one-half inches deep and was within one and one-half centimeters from a vital artery in her neck.
The court also found that the hearing on the transfer was conducted in conformity with the applicable Code sections, proper notice was given to B.J.W. and his parents, the court had reasonable grounds to believe that B.J.W. committed the delinquent acts, he was not committable to an institution for the mentally retarded or mentally ill, and the interests of the child and the community required that the child be placed under legal restraint and the transfer made. The court further found that B.J.W. was at least 15 years old at the time of the delinquent acts alleged. Finally, in a separate order the court denied B.J.W.'s motion for a mental evaluation, finding "no reasonable cause to believe that the child may be a mentally ill child."
At the hearing on the motion, evidence was presented that B.J.W. was a student in college-bound courses and had previously been exempted from final examinations because of his high grade average but had been involved in minor disciplinary problems. Additionally, the victim testified that she was B.J.W.'s teacher and that he stabbed her in the neck with a sharp object the day before a scheduled parent-teacher conference about his failing grade in French class. A physician testified that he explored the puncture wound and found severe internal bleeding which could have resulted in the victim's death if not treated. He further testified that the wound was two and one-half inches deep and very near the carotid artery. Additionally, the victim testified that this incident had a harmful effect on her morale and that of the other teachers at the high school.
Witnesses for B.J.W. testified that he was employed at a local grocery store where he was considered a mature person who handled his job without difficulty, even though it involved dealing with the public. The witnesses also testified that an incident such as this would be out of character for B.J.W. No evidence was presented that suggested that B.J.W. had any mental condition that would require commitment to a mental institution.
Under our law,
[a] juvenile court may transfer an offense for prosecution in the superior court if the court determines there are reasonable grounds to believe that (1) the child committed the delinquent act; (2) the child is not mentally ill; (3) the interests of the child and the community require that the child be placed under legal restraint and the transfer be made; and (4) the child was at least 15 years of age at the time of the alleged delinquent conduct or the child was 13 or 14 years of age at the time and committed an offense for which the punishment is loss of life or confinement for life in a penal institution. OCGA § 15-11-39(a)(3).[1]
In the Interest of J.B.H., 241 Ga.App. 736, 527 S.E.2d 18 (1999). In these cases, the appellate court's function "is limited to ascertaining whether some evidence exists to support the juvenile court's determination. Determinations of a juvenile court made on an exercise of discretion, if based upon evidence, will not be controlled by this court. [Cit.]" (Punctuation omitted.) Id. at 737, 527 S.E.2d 18.
1. The allegation that the State failed to carry its burden of showing that B.J.W. should not be committed to an institution for the mentally ill or mentally retarded is without merit. No evidence was presented that suggested B.J.W. required such treatment, *814 and the State presented evidence that showed B.J.W. was a good student. Moreover, the testimony of B.J.W.'s own witnesses did not suggest that he required commitment to an institution for the mentally retarded or mentally ill. Under this evidence, the State met its burden. See L.K.F. v. State of Ga., 173 Ga.App. 770(2), 328 S.E.2d 394 (1985).
2. B.J.W. also contends the juvenile court erred by failing to balance B.J.W.'s amenability to treatment in the juvenile system with the interests of the community. See OCGA § 15-11-39(a)(3)(C). In this case, the State proceeded under the theory that transfer was required in the community's interest even if B.J.W. was amenable in the juvenile system. Under this theory, the juvenile court may transfer to the superior court a juvenile who is amenable to treatment if the juvenile court finds that the amenability factor is outweighed by the interests of the community in treating the child as an adult. In re K.S.J., 258 Ga. 52, 54(3), 365 S.E.2d 820 (1988). In such cases, the State is not required to
prove non-amenability to treatment, and the transfer order need not reflect why the child is not amenable. Instead, the order must balance the child's interest in treatment in the juvenile system, including but not limited to his amenability to treatment, against the community's interest in treating the child as an adult.
(Citation and punctuation omitted.) In the Interest of J.B., 234 Ga.App. 775, 776-777(2), 507 S.E.2d 874 (1998). In this case, the transfer order does not set forth the required balancing of the interests of B.J.W. and the community. Accordingly, as the record contains facts on which the juvenile court's conclusion could be based, we vacate the order of the juvenile court and remand the case to the juvenile court so that the court may make the necessary findings.
Judgment vacated and case remanded with direction.
BLACKBURN, P.J., and ELDRIDGE, J., concur.
NOTES
[1] Effective July 1, 2000, OCGA § 15-11-30 was redesignated as OCGA § 15-11-30.2. We have used the old designation, as the analysis is the same under either section and the parties and the trial court all used the prior designation.