671 S.E.2d 887 (2008)
In the Interest of T.F., a child.
No. A09A0292.
Court of Appeals of Georgia.
December 31, 2008.
*888 James K. Luttrell, Woodstock, for appellant.
David McDade, Dist. Atty., Benjamin Von Schuch, Asst. Dist. Atty., for appellee.
BLACKBURN, Presiding Judge.
T.F. was charged in juvenile court with burglary[1] and possession of marijuana with intent to distribute.[2] He appeals the juvenile court's order transferring his case to superior court, arguing that the court erred in (i) relying on hearsay testimony during the transfer hearing, (ii) finding that there were reasonable grounds to believe that he committed the offenses alleged, and (iii) finding that his and the community's interests required transfer. For the reasons set forth below, we affirm.
Pursuant to OCGA § 15-11-30.2, a juvenile court may transfer a case to an appropriate court if, in its discretion, it determines that

*889 there are reasonable grounds to believe that . . . [t]he child committed the delinquent act alleged; . . . [t]he child is not committable to an institution for the mentally retarded or mentally ill; . . . [t]he interests of the child and the community require that the child be placed under legal restraint and the transfer be made; and. . . [t]he child . . . was at least 15 years of age at the time of the alleged delinquent conduct. . . .
OCGA § 15-11-30.2(a)(3)(A)-(C), (4)(A). "When considering an order of the juvenile court transferring jurisdiction, the function of this court is limited to ascertaining whether some evidence exists to support the juvenile court's determination." In the Interest of J.B.H.[3] "Determinations of a juvenile court made on an exercise of discretion, if based upon evidence, will not be controlled by this court." (Punctuation omitted.) In the Interest of S.K.K.[4]
At the hearing on the State's motion to transfer the case to superior court, a psychologist, who conducted a mental evaluation of T.F., testified that he was not mentally retarded or mentally ill and that he would benefit from further counseling and substance abuse treatment. Regarding the burglary charge, a police officer testified, over T.F.'s objection, as to a fellow officer's report on the investigation of the crime. According to that report, on November 23, 2007, a homeowner came home to find three black males leaving his house after having broken into it. The homeowner recognized one of the burglars as Antonio McKinley, who was a friend of his roommate's son. After McKinley was arrested, he confessed to the burglary and identified T.F. as being one of the other persons involved. Later, McKinley's mother was shown a photograph of T.F. and identified him as being the person who picked up her son just prior to the burglary.
Regarding the drug dealer charge, another officer testified that on March 22, 2008, he encountered then 16-year-old T.F. while investigating complaints of illegal drug activity at a local apartment complex. The officer testified that T.F. appeared to be very nervous and that he asked T.F. if he lived in the complex, to which he responded that he did not. At the officer's request, T.F. consented to a search of his person, during which the officer found a bag of suspected marijuana and several smaller empty bags. As a result, T.F. was arrested and taken to the police station. Over T.F.'s hearsay objection, the officer then testified that another officer informed him that a search of T.F. during booking uncovered 15 additional small bags of suspected marijuana.
At the transfer hearing, the juvenile court also heard the testimony of a probation officer from Fulton County, where T.F. had previously resided. Over T.F.'s objection, the probation officer, who had never personally supervised T.F.'s probation, offered testimony based solely on the reports of his co-workers, which indicated that from 2003 to 2005, T.F. had been placed on probation on several occasions for numerous offenses. In addition, T.F.'s current probation officer testified that T.F. had violated his probation five separate times over the last two years and had been committed to a youth detention center based on his being charged with multiple offenses. She further testified that T.F. had run away from one treatment facility, had failed to complete a rehabilitation program due to testing positive for drug use, and had been denied entry into another rehabilitation program because of charges pending against him. In light of his age and history, the probation officer concluded that the only probable placement for T.F. was the youth detention center.
At the conclusion of the hearing, the juvenile court stated that it was granting the State's motion to transfer T.F.'s case. Shortly thereafter, the court issued a written order transferring jurisdiction of the case to the superior court. This appeal followed.
1. T.F. contends that the juvenile court erred in admitting hearsay testimony proffered during the transfer hearing by the two police officers and the Fulton County probation officer. Citing the United States *890 Supreme Court's decision in Crawford v. Washington,[5] he argues that allowing these witnesses to proffer hearsay testimony, without a showing of unavailability and a prior opportunity to cross-examine the declarant, violated his right to confront his accusers under the Sixth Amendment of the U.S. Constitution. We disagree.
In Kent v. United States,[6] the United States Supreme Court held that transfer hearings are critically important proceedings affecting the important rights of juveniles. However, in so holding the Court also cautioned that it did not mean "to indicate that the [transfer] hearing to be held must conform with all of the requirements of a criminal trial." Id. at 562(3), 86 S.Ct. 1045. In Crawford, the U.S. Supreme Court addressed a criminal defendant's right of confrontation at trial and thus held that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." (Emphasis supplied.) Crawford, supra, 541 U.S. at 59(IV), 124 S.Ct. 1354. In decisions prior to Crawford, the Court had held that "[t]he right to confrontation is basically a trial right," Barber v. Page,[7] and that "it is this literal right to `confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause." California v. Green.[8]
Drawing upon this analysis, the Supreme Court of Georgia recently held "[t]here being no indication in Crawford of a change from the Court's previous statements that the right of confrontation is a trial right, we join the several States which have addressed this issue in their conclusion that the holding in Crawford is not applicable to preliminary hearings." Gresham v. Edwards.[9] See also Fair v. State[10] (the right of confrontation is not applicable to suppression hearings because guilt or innocence is not at issue). Given that the right of confrontation is a trial right that does not apply to preliminary hearings or suppression hearings, we see no reason to apply that right to the transfer hearing at issue here. Indeed, "[i]nasmuch as the object of such hearings is such proof as would constitute `reasonable grounds to believe' rather than proof sufficient to support a conviction, hearsay is admissible at juvenile detention hearings as well as juvenile transfer hearings." In the Interest of D.W.B.[11] See In re R.B.[12] Accordingly, the juvenile court did not err in admitting hearsay testimony during T.F.'s transfer hearing.
2. T.F. contends that the juvenile court erred in finding that there were reasonable grounds to believe that he committed the alleged offenses of burglary and possession of marijuana with intent to distribute. We disagree.
As previously noted, OCGA § 15-11-30.2(a)(3)(A) "requires only that the court find there were `reasonable grounds' to believe the child committed the crime, not proof beyond a reasonable doubt." In the Interest of J.B.H., supra, 241 Ga.App. at 737(1), 527 S.E.2d 18. Regarding the burglary charge, evidence offered at the transfer hearing showed that a suspect who confessed to the burglary also implicated T.F. in the crime. Additionally, the suspect's mother identified T.F. from a photograph as the person who picked her son up just prior to the burglary. Regarding the drug dealer charge, the officer who encountered T.F. at the apartment complex testified that his search of T.F. uncovered a bag of suspected marijuana and that a more thorough search conducted at the police station uncovered 15 additional bags of suspected *891 marijuana. Thus, the juvenile court did not abuse its discretion in finding that reasonable grounds existed to believe that T.F. committed the acts alleged. See In the Interest of D.W.B., supra, 259 Ga.App. at 662-663(2), 577 S.E.2d 819.
3. T.F. also contends that the juvenile court erred in finding that a weighing of his interests versus the community's interests required that his case be transferred to the superior court. Specifically, he argues that the juvenile court failed to consider the testimony of the psychologist, who stated that T.F. was amenable to treatment and would benefit from additional therapy, substance abuse treatment, and vocational counseling. We discern no error.
"[A] juvenile court may transfer to the superior court a juvenile who is amenable to treatment if the juvenile court finds that the amenability factor is outweighed by the interests of the community in treating the child as an adult." In the Interest of B.J.W.[13]
In such cases, the State is not required to prove non-amenability to treatment, and the transfer order need not reflect why the child is not amenable. Instead, the order must balance the child's interest in treatment in the juvenile system, including but not limited to his amenability to treatment, against the community's interest in treating the child as an adult.
In the Interest of S.K.K., supra, 280 Ga.App. at 879(2), 635 S.E.2d 263. See In the Interest of J.B.[14]
Here, although the State did not argue that T.F. was not amenable to treatment in the juvenile system, the juvenile court addressed this issue in weighing T.F.'s interests versus those of the community. Specifically, the juvenile court noted in its order that T.F. had a long history of offenses and that attempts at rehabilitation through the juvenile system had not been successful. The court also noted that T.F. had been given several opportunities to participate in substance abuse treatment programs but had failed to successfully complete any of them. The court further noted that based on T.F.'s history of offenses and the fact that he is now 17 years old, alternative treatment and rehabilitation programs within the juvenile system in which to place him would be difficult, if not impossible, to find. Given these circumstances, the juvenile court determined that the interests of T.F. and the community would be better served if the case were transferred to the superior court. See In the Interest of S.K.K., supra, 280 Ga.App. at 879-880(2), 635 S.E.2d 263; In the Interest of J.B.H., supra, 241 Ga.App. at 739(2), 527 S.E.2d 18. Accordingly, we find no abuse of discretion in the juvenile court's determination.
Judgment affirmed.
ADAMS, J., concurs. RUFFIN, J., concurs in judgment only.
NOTES
[1] OCGA § 16-7-1(a).
[2] OCGA § 16-13-30(j)(1).
[3] In the Interest of J.B.H., 241 Ga.App. 736, 737, 527 S.E.2d 18 (1999).
[4] In the Interest of S.K.K., 280 Ga.App. 877, 878(1), 635 S.E.2d 263 (2006).
[5] Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
[6] Kent v. United States, 383 U.S. 541, 556(3), 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).
[7] Barber v. Page, 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).
[8] California v. Green, 399 U.S. 149, 157(II), 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).
[9] Gresham v. Edwards, 281 Ga. 881, 883(2), 644 S.E.2d 122 (2007).
[10] Fair v. State, 284 Ga. 165, 176(3)(e), 664 S.E.2d 227 (2008).
[11] In the Interest of D.W.B., 259 Ga.App. 662, 663(2), 577 S.E.2d 819 (2003).
[12] In re R.B., 264 Ga. 602, 603(1), 448 S.E.2d 690 (1994).
[13] In the Interest of B.J.W., 247 Ga.App. 437, 440(2), 543 S.E.2d 811 (2000).
[14] In the Interest of J.B., 234 Ga.App. 775, 776-777(2), 507 S.E.2d 874 (1998).