683 S.E.2d 80 (2009)
In the Interest of R.W., a child.
No. A09A0883.
Court of Appeals of Georgia.
August 3, 2009.
*81 Phillip Jackson, Atlanta, for appellant.
Paul L. Howard Jr., Dist. Atty., Kathleen A. Giroux, Stephany J. Luttrell, Asst. Dist. Attys., for appellee.
BERNES, Judge.
R.W., a 17-year-old male, was charged in the juvenile court with aggravated assault, armed robbery, and theft by taking. Following a hearing, the juvenile court transferred R.W.'s case to the superior court so that he could be treated as an adult offender. R.W. appeals from the transfer order,[1] contending that the juvenile court erred by finding that there were reasonable grounds to believe that he committed the alleged offenses and that the interests of R.W. and the community required the transfer of jurisdiction to the superior court. We disagree and affirm.
Before transferring jurisdiction from juvenile to superior court, the juvenile court must find that
there are reasonable grounds to believe that the child committed the delinquent act alleged; the child is not committable to an institution for the mentally retarded or mentally ill; the interests of the child and the community require that the child be placed under legal restraint and the transfer be made; and the child was at least 15 years of age at the time of the alleged delinquent conduct.
(Punctuation and footnote omitted.) In the Interest of S.K.K., 280 Ga.App. 877, 877-878, *82 635 S.E.2d 263 (2006). See OCGA § 15-11-30.2(a)(3), (a)(4)(A). On appeal, "[t]he function of [this] court is limited to ascertaining whether there was some evidence to support the juvenile court's determination," and absent an abuse of discretion, we will affirm the order transferring jurisdiction. (Punctuation and footnote omitted.) In the Interest of S.K.K., 280 Ga.App. at 878(1), 635 S.E.2d 263.
Here, R.W. challenges the juvenile court's findings that there were reasonable grounds to believe that he committed the delinquent acts alleged, and that the interests of R.W. and the community required that he be placed under legal restraint and the transfer be made. R.W. does not contest that there was sufficient evidence to establish the other statutory factors for transferring the case to superior court.
The evidence presented at the transfer hearing showed that R.W. had a history of twenty two prior offenses dating back eight years that had been handled in the Juvenile Court of Fulton County. R.W. had previously been offered counseling and treatment for his anger management issues through his juvenile court probation officer, but R.W. failed to continue reporting to his probation officer and never participated in the services offered. Currently, R.W. was in custody based on charges of aggravated assault, armed robbery, and theft by taking for three separate incidents in Fulton County that occurred in May and June 2008. The evidence as to those three incidents was as follows.
The Aggravated Assault. In May 2008, R.W. approached the victim, pointed a gun at him, and pulled the trigger twice. The gun, however, did not fire, and R.W. fled from the scene. The police responded to a 911 call concerning the assault, and the victim identified R.W. by name as the perpetrator. The victim later identified R.W. in a photographic lineup as the individual who assaulted him.
The Armed Robbery. In June 2008, two males entered the Brazil Fine Italian Clothing Store. One of the males pulled out pepper spray, sprayed it into the female victim's eyes, and punched the victim in the face twice. As this occurred, several other males entered the store, grabbed over $30,000 worth of blue jeans and other clothing, and fled from the premises.
The incident was captured on a surveillance videotape that was handed over to the police, who showed the videotape on the Crime Stoppers television show. A female who went to school with R.W. and knew him contacted the police and informed them that R.W. was one of the perpetrators seen in the videotape. Two other females, who were interviewed by police in connection with a similar armed robbery, were also shown the videotape. They too recognized R.W. as one of the perpetrators. Additionally, R.W. was caught in a vehicle that contained clothing taken from the store, and two of his co-perpetrators implicated him as having participated in the robbery.
The Theft by Taking. That same month, three males entered the Ginza Boutique in Underground Atlanta, grabbed over $500 worth of clothing, and ran out of the store without paying. A store employee who witnessed the incident identified R.W. from a photographic lineup as one of the perpetrators. Several items of the stolen clothing were later recovered during the execution of a search warrant at the home where R.W. told police that he lived.
After R.W. was taken into custody, he received notice that the juvenile court planned to conduct a hearing to determine whether jurisdiction of his case would be transferred to superior court so that he could be treated as an adult offender. At the transfer hearing, the police officers who investigated the three criminal incidents testified to the events as set out above. The probation officer previously assigned to R.W. testified concerning how the prior attempt to provide R.W. with rehabilitation services had been unsuccessful. Additionally, R.W.'s mother testified on her son's behalf but admitted on cross-examination to his long history of delinquency offenses.
1. Based on the evidence set forth above admitted through the testimony of the investigating officers, the juvenile court did not abuse its discretion in finding reasonable grounds to believe that R.W. committed the alleged crimes of aggravated assault, armed robbery, and theft by taking. See In the *83 Interest of T.F., 295 Ga.App. 417, 420(2), 671 S.E.2d 887 (2008); OCGA § 16-2-20(b) (parties to a crime). See also OCGA §§ 16-5-21(a) (aggravated assault); 16-8-2 (theft by taking); 16-8-41(a) (armed robbery). "OCGA § 15-11-30.2(a)(3)(A) requires only that the court find there were reasonable grounds to believe the child committed the crime, not proof beyond a reasonable doubt." (Citation and punctuation omitted.) In the Interest of T.F., 295 Ga.App. at 420(2), 671 S.E.2d 887. And while it is true, as R.W. emphasizes, that the testimony of the officers included hearsay, such testimony is admissible in transfer proceedings to establish that reasonable grounds existed to believe that the accused committed the alleged crimes. See id. at 419-420(1), 671 S.E.2d 887. See also In the Interest of R.B., 264 Ga. 602, 603(1), 448 S.E.2d 690 (1994); In the Interest of D.W.B., 259 Ga.App. 662, 663(2), 577 S.E.2d 819 (2003). We therefore discern no ground for reversal.
2. The juvenile court likewise committed no error in finding that the interests of R.W. and the community required the transfer of jurisdiction to the superior court. See OCGA § 15-11-30.2(a)(3)(C).
Whether a child is amenable to treatment in the juvenile system is a factor to consider in determining the child's and the community's interests. If the evidence shows the child is not amenable to treatment, the child's interest in treatment in the juvenile system is minimized because of the treatment's potential ineffectiveness, and, because of that ineffectiveness, the community has an interest in treating the child as an adult. Moreover, even if there is evidence that the child may be amenable to treatment, the juvenile court may still transfer the case if it finds that the amenability factor is outweighed by the interest of the community in treating this child as an adult.
(Citations omitted.) In the Interest of J.B.H., 241 Ga.App. 736, 739(2), 527 S.E.2d 18 (1999). Here, the testimony of the probation officer and R.W.'s mother established that R.W. had an extensive history of delinquency offenses dating back eight years, and that past rehabilitative attempts had proven fruitless. Furthermore, several of the pending charges against R.W., who was 17 years old at the time of the transfer hearing, involved seriously violent behavior. Under these combined circumstances, we conclude that there was sufficient evidence for the juvenile court to find that the interests of R.W. and the community would be better served if he were prosecuted as an adult offender in superior court. See id. at 739-740(2), 527 S.E.2d 18. See also In the Interest of T.F., 295 Ga.App. at 421(3), 671 S.E.2d 887.
Judgment affirmed.
SMITH, P.J., and PHIPPS, J., concur.
NOTES
[1] An order transferring a case from juvenile to superior court is a final order that is directly appealable. See Rivers v. State, 229 Ga.App. 12, 13(1), 493 S.E.2d 2 (1997).