A10A0729. IN THE INTEREST OF D. C., a child.
(693 SE2d 596)

ELLINGTON, Judge.

This appeal is from a September 2009 order issued by the Juvenile Court of Newton County transferring a criminal case against a juvenile, D. C., to the superior court. D. C. challenges the court's order, contending that the order does not comply with statutory requirements, the State failed to establish the substantive elements necessary to transfer the case, the court erred in admitting hearsay during the transfer hearing, and the court erred in improperly limiting his cross-examination of a witness. For the following reasons, we affirm.

1. D. C. contends that the juvenile court erred in transferring the case to superior court because the State did not establish the requirements of OCGA § 15-11-30.2 (a). He also complains that the court's order does not comply with the statute's requirements.

Pursuant to OCGA § 15-11-30.2 (a) (3), if the State files a delinquency petition in the juvenile court alleging that a child committed a criminal act and the child was at least 15 years old at the time of the criminal act,

> the court before hearing the petition on its merits may transfer the offense for prosecution to the [superior] court [if, following timely notice and a hearing on whether the transfer should be made, the juvenile] court in its discretion determines there are reasonable grounds to believe that: (A) The child committed the delinquent act alleged; (B) The child is not committable to an institution for the mentally retarded or mentally ill; and (C) The interests of the child and the community require that the child be placed under legal restraint and the transfer be made[.]

On appeal from an order transferring a case from juvenile court to superior court, the function of this Court is limited to ascertaining whether there was some evidence to support the juvenile court's determination that the requirements of OCGA § 15-11-30.2 have been met, and absent an abuse of discretion, we will affirm the order transferring jurisdiction. *In the Interest of R. W.*, 299 Ga. App. 505, 506 (683 SE2d 80) (2009).

The evidence in this case shows that, at around midnight on

June 28, 2009, an investigator with the Newton County Sheriff's Office responded to the scene of a gang-related shooting at a party attended by approximately 100 people. According to numerous witnesses interviewed by the investigator, the party was in a neighborhood that was a Crips gang stronghold. The witnesses reported that members of a rival gang, the Bloods, were the shooters. Several witnesses identified D. C. as one of the shooters and said that he and the other gang members started shooting randomly into the air and at the crowd while shouting "Crab," which is a derogatory term for the Crips gang. Five party guests were wounded in the attack.

The evidence also showed that, prior to the shooting, 16-year-old D. C. and another juvenile, M. B., had been involved in an altercation at the party and had been told to leave. According to M. B., he and D. C. left the party, obtained weapons from an adult gang member, and went back to the party with two older gang members. M. B. denied shooting a weapon, but he was unsure about whether D. C. was one of the shooters. The investigator subsequently interviewed D. C., who admitted that he was a member of the Bloods gang and that he was present when the shootings took place.

On June 29, 2009, the State filed a delinquency petition charging D. C. with committing five counts of aggravated assault, OCGA § 16-5-21 (a) (2) (with a deadly weapon); criminal gang activity, OCGA §§ 16-15-3 (1) (J) and 16-15-4 (a); possession of a firearm during the commission of a crime against the person of another, OCGA § 16-11-106 (b) (1); and possession of a pistol or revolver by a person under 18 years of age, OCGA § 16-11-132 (b). The State filed a motion to transfer the case to superior court pursuant to OCGA § 15-11-30.2, and the court conducted a motion hearing.

During the hearing, the State presented, in addition to the above evidence, the testimony of the mother of one of the shooting victims. The witness testified that, to her knowledge, her daughter had never provoked or become involved in an altercation with a Bloods gang member so that a gang member might have a motive to shoot at her. The witness also testified that, after the shooting, the victim received a message on her MySpace internet page from a friend, who wrote that D. C. had asked her (the friend) to tell the victim that "he was sorry about what happened to her and that he would never do anything like that to her."

(a) D. C. asserts that the State failed to present any evidence to support a reasonable belief that he committed the delinquent acts alleged in the petition. This contention lacks merit.

Initially, we note that "OCGA § 15-11-30.2 (a) (3) (A) requires only that the court find there were reasonable grounds to believe the child committed the crime, not proof beyond a reasonable doubt."

(Citation and punctuation omitted.) *In the Interest of R. W.*, 299 Ga. App. at 507-508 (1). Pretermitting whether the investigator's testimony during the transfer hearing was sufficient, standing on its own, to support a reasonable belief that D. C. committed the delinquent acts, the record shows the following facts.

During the transfer hearing, the prosecutor, defense counsel and the court all expressly agreed that there were reasonable grounds to believe that D. C. committed the alleged offenses, that D. C. was not committable to an institution for the mentally retarded or mentally ill, and that the only remaining issue to be addressed at the hearing was the balancing of the child's interests versus the community's interests. The court repeatedly reiterated this during the hearing. Moreover, in a supplemental brief in opposition to the motion to transfer that was filed after the transfer hearing, D. C.'s counsel acknowledged that "[t]he following stipulations were made at the hearing on August 19, 2009: (1) there exists reasonable grounds to believe that the Child committed the delinquent acts alleged[.]" Finally, in its transfer order, the juvenile court specifically stated that, during both the detention hearing[1] and the transfer hearing, the prosecutor and defense counsel had stipulated that there were reasonable grounds to believe that D. C. had committed the delinquent acts alleged.

Thus, the record clearly does not support this alleged error.

(b) D. C. complains that the State failed to establish the requirement under OCGA § 15-11-30.2 (a) (3) (C) that "[t]he interests of the child and the community require that the child be placed under legal restraint and the transfer be made[.]" He argues that, to show that the community's interests in having him prosecuted in superior court outweighed his interests in remaining in juvenile court, the State was required to demonstrate more than just the severity of the alleged crimes, such as a criminal history or his lack of potential for rehabilitation.

In this case, the State did not seek a transfer based upon D. C.'s nonamenability to treatment but, instead, proceeded under the theory that, due to the seriousness of the offenses, D. C.'s role as an instigator in the attack, the involvement of adult offenders, and the threat D. C.'s actions posed to public safety, the community's interests required the transfer to superior court, even if D. C. was amenable to treatment in the juvenile system. "Under this theory,

---

[1] In the notice of appeal filed in the juvenile court, D. C.'s counsel did not specify that the transcript of the detention hearing should be included in the record on appeal. "A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed." (Footnote omitted.) *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999).

the juvenile court may transfer to the superior court a juvenile who is amenable to treatment if the juvenile court finds that the amenability factor is outweighed by the interests of the community in treating the child as an adult." (Citation omitted.) *In the Interest of B. J. W.*, 247 Ga. App. 437, 440 (2) (543 SE2d 811) (2000).

Pretermitting whether the requirement of OCGA § 15-11-30.2 (a) (3) (C) may be met *solely* through evidence establishing the number and severity of the crimes committed by the juvenile, the juvenile court may still consider the severity of the offenses committed when determining the weight of the community's interests in having a juvenile transferred to superior court. *In the Interest of J. N. B.*, 263 Ga. 600, 601 (2) (436 SE2d 202) (1993). Further, in this case, the record shows that the State presented substantial evidence *in addition to* evidence showing that D. C. and his fellow gang members shot randomly into a large crowd and wounded five innocent bystanders. For example, the evidence showed that the offenses presented a significant risk of serious injury to numerous other innocent bystanders, many of them juveniles; that adult gang members participated in the crimes; that D. C. was a member of the offending gang; that the gang specifically targeted the party because of an earlier altercation involving D. C. and because of the neighborhood's alleged association with a rival gang; that D. C. actively participated in the crimes as an instigator, coordinator, and shooter; and that gang activity in Newton County has increased significantly in the last few years.[2]

We conclude, therefore, that the State met its burden of producing sufficient evidence to meet the requirements of OCGA § 15-11-30.2 (a) (3) (C). See *Waller v. State*, 261 Ga. 830, 831 (2) (412 SE2d 531) (1992) (evidence of the nature and severity of the offenses, the involvement of adult offenders, and the defendant's role as an apparent instigator of the offenses was sufficient to support a finding that the community's interests in trying the defendant in superior court outweighed the defendant's interests in being treated as a juvenile).

(c) D. C. also complains that the transfer order fails to contain the court's findings of fact or any discussion or analysis demonstrating that the court actually performed the requisite balancing of his interests versus the community's interests under OCGA § 15-11-30.2 (a) (3) (C) before deciding to transfer the case to superior court. In

---

[2] During the hearing, the investigator testified that, in the past five to seven years, gang-related activity had increased tremendously in the county, describing it as a "growing epidemic."

cases such as this,

> in which the State does not rely on non-amenability to treatment as the basis for transfer, the transfer order does not have to reflect why the juvenile is not amenable to treatment. Instead, the order must balance the child's interest in treatment in the juvenile system, including but not limited to amenability to treatment, against the community's interest in treating the child as an adult.

(Citation and punctuation omitted.) *Waller v. State*, 261 Ga. at 830 (1). The juvenile court's order in this case demonstrates that the court performed the necessary balancing of interests. According to the order,

> the delinquent acts committed are of a serious nature that clearly pose a threat to public safety. More particularly, the reckless nature of [D. C.'s] actions by firing in the air and at a crowd with no regard for the number of persons who could be injured or of the particularity of the victims are indicative of behavior that the community must be protected against. [D. C.'s] ability to organize a group including two adults and acquire weapons demonstrates his ability to influence even those older than himself and shows him to be the instigator of the attack. The impact of these actions upon the victims[,] who did not threaten [D. C.,] has been detrimental. A person attending a private function at a residence should not have to fear such acts of random violence. The impact upon the victims[,] including trauma, distress, physical injury and ongoing threats to their safety[,] make it clear that the community interests in processing this matter as an adult offender are paramount to [D. C.'s] interest in being treated as a juvenile.

Accordingly, the court's order complies with the requirements of OCGA § 15-11-30.2 (a) (3) (C).

2. D. C. contends that the court improperly limited his counsel's cross-examination of the police investigator. The hearing transcript shows that D. C.'s counsel attempted to cross-examine the investigator about inconsistencies between his testimony and his police reports regarding whether witnesses identified D. C. as one of the shooters. When the State objected to the cross-examination on the basis that it had already established that there were reasonable grounds to believe that D. C. committed the offenses, defense counsel argued that the cross-examination was relevant to the strength of

the State's case against D. C. Counsel also stated that he did not believe the court should transfer the case to superior court if the evidence was "flimsy" as to whether D. C. actually committed the charged offenses. The court ruled, however, that, because the question of whether D. C. committed the crimes was no longer an issue for the purposes of the transfer hearing, counsel's line of questioning was not relevant to the proceedings unless it had to do with weighing the best interests of D. C. versus the community's interests.

As we found in Division 1 (a), supra, the issue of whether there was reasonable cause to believe that D. C. committed the acts as charged had already been resolved prior to the transfer hearing. Therefore, the court did not abuse its discretion by limiting D. C.'s cross-examination of the investigator on this issue.

3. D. C. contends that the court improperly admitted the hearsay testimony of the mother of one of the victims. As shown above, the witness testified about a message her daughter received from a friend about statements allegedly made by D. C.

Hearsay evidence, however, "is admissible in transfer proceedings to establish that reasonable grounds existed to believe that the accused committed the alleged crimes." (Citations omitted.) *In the Interest of R. W.*, 299 Ga. App. at 508 (1). "Indeed, inasmuch as the object of such hearings is such proof as would constitute 'reasonable grounds to believe' rather than proof sufficient to support a conviction, hearsay is admissible at . . . juvenile transfer hearings." (Citations, punctuation and footnotes omitted.) *In the Interest of T. F.*, 295 Ga. App. 417, 419 (1) (671 SE2d 887) (2008) (physical precedent only) (noting that the right of confrontation is a trial right that does not apply to juvenile transfer hearings).

In addition, the record shows that the purpose of the witness' testimony was to identify D. C. as one of the shooters. Consequently, it was merely cumulative of stipulations by the parties and other evidence. Therefore, the admission of such evidence, even if error, was harmless. *Herieia v. State*, 297 Ga. App. 872, 875 (2) (678 SE2d 548) (2009).

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED APRIL 2, 2010.

*Stephanie R. Lindsey*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Nathan A. Kratzert, Assistant District Attorney*, for appellee.