A10A1358. IN THE INTEREST OF K. P., a child.

(700 SE2d 665)

MIKELL, Judge.

A delinquency petition was filed in the juvenile court charging K. P. with burglary. The state moved to transfer K. P.'s case to superior court, and the juvenile court granted the motion following a hearing. K. P. appeals from the transfer order, contending that the juvenile court erred by finding that his and the community's interests required the transfer to superior court and that he was not amenable to treatment in the juvenile system. We disagree and affirm.

Pursuant to OCGA § 15-11-30.2, a juvenile court has the discretion to transfer a case to superior court upon finding that

> there are reasonable grounds to believe that the child committed the delinquent act alleged; the child is not committable to an institution for the mentally retarded or mentally ill; the interests of the child and the community require that the child be placed under legal restraint and the transfer be made; and the child was at least 15 years of age at the time of the alleged delinquent conduct.[1]

On appeal from a transfer order,

> the function of this Court is limited to ascertaining whether there was some evidence to support the juvenile court's

---

[1] (Punctuation omitted.) *In the Interest of S. K. K.*, 280 Ga. App. 877-878 (635 SE2d 263) (2006), citing OCGA § 15-11-30.2 (a) (3) (A)-(C), (4) (A).

determination that the requirements of OCGA § 15-11-30.2 have been met, and absent an abuse of discretion, we will affirm the order transferring jurisdiction.[2]

In the case at bar, the evidence supports the juvenile court's determination. Detective Tony Taylor of the Sylvania Police Department testified at the transfer hearing that three adults had been indicted for the burglary of a carwash that occurred on August 1, 2008. The adults implicated K. P. in the burglary, and K. P. gave a statement indicating that he had been at the carwash on the night of the burglary and had received "some money from it."

Janeshia W. Warren, K. P.'s probation officer, testified that K. P.'s record included adjudications of delinquency for two aggravated assaults, affray, and burglary. The juvenile court had ordered K. P. to serve 60 days in a detention center, attend group meetings, perform community service, and comply with the conditions of his probation. K. P. violated the terms of his probation, however, as he failed to report as required or to attend group meetings. In addition, Warren testified that K. P. refused to report for his court-ordered competency evaluation, and the juvenile court had to order him detained to secure an evaluation. Warren also noted that K. P. moved out of his mother's home and into a different county. When asked whether a transfer to superior court would be appropriate for K. P.'s case, Warren replied:

That would be difficult to answer. I will just say this, it's easier to work with a child that has parental supervision and influence and because [K. P.] doesn't have that support — he doesn't live at home . . . we can't facilitate the type relationship that we need in order to use juvenile services.

Warren testified that there was no further rehabilitation and treatment that the juvenile probation system could offer K. P.

Later in the hearing, K. P. stipulated that reasonable grounds existed to believe that he committed the burglary and that he is not committable to an institution for the mentally retarded or mentally ill. It is undisputed that he was 17 years old at the time of the hearing.

1. K. P. contends that the trial court abused its discretion in finding that his and the community's interests require that he be placed under legal restraint and the transfer be made. Specifically, he contends that he does not pose a serious threat to the community;

---

[2] (Citation omitted.) *In the Interest of D. C.*, 303 Ga. App. 395 (1) (693 SE2d 596) (2010).

that burglary is not a violent offense; and that his criminal conduct has not escalated since his first adjudication in 2007. But the juvenile court "is vested with broad discretion in determining whether reasonable grounds exist for transferring a delinquency petition to the appropriate court for prosecution of a crime or public offense."[3]

The juvenile court found that K. P. has an extensive history, in that he was charged with six offenses, including two counts of aggravated assault committed before the burglary at issue and two offenses, including burglary, since that time. Thus, his history includes adjudications on three felonies, including two designated felonies. The court further found that the disposition order on the first adjudication required K. P. to serve 60 days and return home on probation and that before he completed his conditions of probation, K. P. was adjudicated a second time and ordered to serve a second 60-day program. K. P. was on probation when the burglary at issue took place. The trial court found that K. P.'s second adjudication of burglary, the involvement of adults and no other juveniles in the instant case, K. P.'s self-imposed emancipation from his parental home, and his failure to respond to all rehabilitative efforts of the juvenile system, when considered together, warranted the transfer of his case to superior court.

We conclude the juvenile court was authorized to rely on K. P.'s past history with the juvenile system and his lack of rehabilitation thereby.[4] Accordingly, we cannot say that the juvenile court abused its discretion in concluding that the interests of K. P. and the community required that K. P. be placed under legal restraint and the transfer to superior court be made.

2. K. P. further contends that the trial court abused its discretion in concluding that he was not amenable to treatment in the juvenile system. We disagree.

K. P.'s probation officer testified that her department had done "all that we can do for [K. P.]'s situation . . . [and] we can't do anything else." The juvenile court found that it had incurred significant difficulty in obtaining a competency evaluation due to K. P.'s lack of cooperation; that he failed to appear for his original appointment and was held in contempt; that K. P. failed to adhere to the terms of his probation; that rehabilitative efforts require the involvement of a juvenile's entire family, from whom K. P. had separated himself; and that as a result, any further rehabilitative efforts had little chance of success. Although K. P. points to his

---

[3] (Citation omitted.) *In the Interest of K. L. L.*, 204 Ga. App. 320, 321 (2) (419 SE2d 312) (1992).

[4] See *In the Interest of A. F.*, 214 Ga. App. 440, 442 (2) (448 SE2d 11) (1994).

forensic psychological evaluation as evidence of his amenability to treatment in the juvenile system, the evaluation did not address this issue, as K. P. admits in his brief. As some evidence supports the juvenile's court's finding that further rehabilitative efforts were not warranted, the court did not abuse its discretion in determining that K. P. was not amenable to treatment in the juvenile system.[5]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 25, 2010.

*Renata Newbill-Jallow*, for appellant.

*Richard A. Mallard, District Attorney, Kathy A. Bradley, Assistant District Attorney*, for appellee.

---

[5] See *In the Interest of R. W.*, 299 Ga. App. 505, 508 (2) (683 SE2d 80) (2009); *In the Interest of D. M.*, 299 Ga. App. 586, 590-591 (1) (683 SE2d 130) (2009).