**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.*

**August 14, 2020**

# In the Court of Appeals of Georgia

A20A0878. MUMPHREY v. THE STATE.

COLVIN, Judge.

The State filed a delinquency petition in the Juvenile Court of Pickens County alleging that C. M., a sixteen-year old, committed acts, that if they had committed by an adult, would have constituted two counts of criminal trespass, three counts of obstruction of an officer, and one count each of burglary in the first degree, criminal attempt to commit felony burglary, simple battery and criminal damage to property. The State then filed a motion requesting that the case be transferred from juvenile court to superior court. After a hearing, the trial court entered an order granting the State's motion. C. M. appeals from that order, arguing that the trial court erred by failing to file an order dismissing the petition from juvenile court, by failing to stay the criminal proceedings, and by misapplying the statutory factors outlined in OCGA

§ 15-11-562. For the following reasons, we affirm the trial court's order transferring the case to the superior court, but we remand the case to the trial court for entry of a dismissal order pursuant to OCGA § 15-11-566.

Georgia's Juvenile Code addresses the transfer of a juvenile's case to superior court for criminal prosecution. See OCGA §§ 15-11-561, 15-11-562; *In the Interest of K. S.*, 348 Ga. App. 440, 441 (823 SE2d 536) (2019). OCGA § 15-11-561 (a) provides, in relevant part, that before transferring jurisdiction from the juvenile court to the superior court, the juvenile court must determine that

> (1) There is probable cause to believe that a child committed the alleged offense; (2) Such child is not committable to an institution for the developmentally disabled or mentally ill; and (3) The petition alleges that such child: was at least 15 years of age at the time of the commission of the offense and committed an act which would be a felony if committed by an adult[.]

After making those determinations, and "after consideration of a probation report, risk assessment, and any other evidence the court deems relevant, including any evidence offered by a child," the juvenile court "may determine that because of the seriousness of the offense or such child's prior record, the welfare of the community requires that criminal proceedings against such child be instituted" and transfer the case to superior

court. OCGA § 15-11-561 (c). In determining whether transfer to superior court is appropriate, the juvenile court must also consider the non-exhaustive list of eleven criteria set forth in OCGA § 15-11-562 (a). See OCGA § 15-11-561 (c); *In the Interest of K. S.*, 348 Ga. App. at 441. If the juvenile court determines that transfer is warranted and the juvenile appeals that decision, this Court "is limited to ascertaining whether there was some evidence to support the juvenile court's determination[,] and absent an abuse of discretion, we will affirm the order transferring jurisdiction." (Citation and punctuation omitted.) *In the Interest of T. S.*, 336 Ga. App. 352, 352-353 (785 SE2d 32) (2016). Guided by this framework, we address the arguments raised by C. M. on appeal.

1. C. M. argues that the juvenile court erred by failing to file an order dismissing the juvenile petition as required by OCGA § 15-11-566.

If a juvenile court decides to transfer a juvenile for trial in superior court, it shall dismiss the juvenile court petition alleging delinquency for the offense being transferred. OCGA § 15-11-566 (a). In its order dismissing the delinquency petition, the court shall set forth the offense being transferred, and make the following findings of fact in its dismissal order: "(1) That the court had jurisdiction of the cause and the parties; (2) That the child subject to transfer was represented by an attorney; and (3)

3

That the hearing was held in the presence of the child subject to transfer and his or her attorney." OCGA § 15-11-566 (a). "The dismissal order shall also recount the reasons underlying the decision to transfer jurisdiction." OCGA § 15-11-566 (b). The State concedes that the trial court erroneously failed to file a dismissal order in the present case. Although the juvenile court's order addressed all of the criteria set forth in OCGA § 15-11-566 (a) - (b), it did fail to specifically dismiss C. M.'s case from the jurisdiction of the juvenile court. Accordingly, we remand the case for entry of a specific dismissal order pursuant to OCGA § 15-11-566.

2. C. M. next argues that the juvenile court erred by failing to stay the criminal proceedings as required by OCGA § 15-11-564. We find no error.

C. M. has pointed to no evidence in the record to support his assertion that the his case has proceeded substantively in the superior court despite his appeal from the transfer order. The record shows that C. M. has only made one appearance in magistrate court for the purpose of setting a bond. However, the magistrate court did not have jurisdiction to pass on the merits of a case transferred to superior court.

A juvenile has the absolute right to appeal a decision of the juvenile court to transfer a case to superior court. See *In the Interest of K. S.*, 303 Ga. 542, 544 (814 SE2d 324) (2018). However, C. M. erroneously argues that it is the responsibility of

4

the juvenile court to affirmatively "stay criminal proceedings" after issuing an order of transfer. Georgia law is clear that it is the pendency of an appeal, rather than any judicial action, that stays further proceedings. See OCGA § 15-11-564 (b) ("The pendency of an interlocutory appeal shall stay criminal proceedings in criminal court"); *In the Interest of K. S.*, 303 Ga. at 546 ("OCGA § 15-11-564 (b) stays proceedings in the superior court *as soon as the juvenile court's decision is pending*"). The juvenile court did not err.

C. M.'s argument that his right, as a juvenile proceeding before juvenile court, to a sealed record was violated has been waived because he failed to raise it during the transfer hearing. See *In the Interest of T. S.*, 336 Ga. App. at 357 (1) (b) ("Because [appellant] made no challenge below . . . to make his case public" when his case was transferred from juvenile to superior court, "his claim on appeal that doing so violated his right to privacy was waived") (citation omitted).

3. OCGA § 15-11-562 (a) (1) - (11) sets forth a non-exhaustive list of eleven factors that a juvenile court "shall consider in determining whether to transfer an alleged delinquent child" to the superior court. C. M. argues that the juvenile court abused its discretion by misapplying two of the eleven statutory factors to be considered under OCGA § 15-11-562: the seriousness of the offense and the child's

5

amenability to treatment or rehabilitative treatments. See OCGA § 15-11-562 (a) (2), (11). We find no error.

(a) C. M. contends that the juvenile court abused its discretion in finding that the offenses he is charged with weigh in favor of the transfer to superior court because they are not designated felonies.[1]

OCGA § 15-11-562 (a) (2) requires the juvenile court to inquire into "[t]he seriousness of the alleged offense, especially if personal injury resulted[.]" The juvenile court's order concluded that

> the alleged offenses are very serious in nature in that the most serious charges are charges of Burglary [in the] First Degree and Attempt to Commit a Felony Burglary [in the] First Degree. . . . based on the evidence and testimony, the seriousness of these charges [is] supported by the facts that a family was present in the home, including children, as [C. M.] attempted to enter the home causing emotional injury to the family members inside the residence. The seriousness is further supported by the evidence of a Burglary of a nearby residence [attributable to C. M.].

---

[1] Designated felonies in the context of juvenile court are those crimes which the superior court enjoys exclusive jurisdiction over, rather than concurrent jurisdiction with the juvenile court. These crimes are enumerated at OCGA § 15-11-560 (b).

C. M. has not cited to any legal authority that a juvenile court cannot consider a crime to be serious unless it was a designated felony. We decline to do so here. The juvenile court's finding that C. M.'s offenses were serious in nature was supported by the evidence.

(b) C. M. contends that the juvenile court abused its discretion in finding that C. M. was not amenable to rehabilitation because not all of the treatment options available to C. M. through the juvenile court system had not yet been exhausted. OCGA § 15-11-562 (a) (11) requires the juvenile court to inquire into "[w]hether or not a child can benefit from the treatment or rehabilitative programs available to the juvenile court."

The juvenile court's order in the instant case stated that C. M. "has a history with this Juvenile Court system," and had "been through a majority of the juvenile court's rehabilitative programs, including counseling, probation, drug testing, house arrest." Despite this, C. M. "continued to violate his conditions [of probation] by continuing to receive additional charges." The juvenile court noted that "the available programs offered by [the juvenile court] to [C. M.] have been exhaustive and that they have shown to be unsuccessful as [C. M.] continues to accumulate further charges." As a result, the juvenile court concluded that C. M. "would not benefit" from further

treatment and rehabilitative programs offered by the juvenile court. The trial court's conclusions were supported by the evidence presented at the motion to transfer hearing. See *In the Interest of J. M. S.*, 334 Ga. App. 142, 145-147 (1) (778 SE2d 391) (2015) (juvenile court did not abuse its discretion in determining that juvenile was not amenable to treatment in the juvenile system when juvenile had been non-compliant with a juvenile-treatment program in the past and despite his history in the juvenile-court system, he continued to engage in criminal activity that engaged in severity) (overruled on other grounds by *In the Interest of J. H.*, 340 Ga. App. 733, 735 (797 SE2d 185) (2017)).

(c) C. M. asserts that the juvenile court erred by failing to conduct a balancing test of the juvenile's amenability to treatment by the interests of the community. However, such a balancing test is not mandated by the current version of OCGA § 15-11-562. Georgia case law has held that such a balancing test is required when the State seeks a transfer to superior court under a theory that, even though the juvenile might be amenable to treatment within the juvenile court system, the seriousness of the crime warrants it. See *In the Interest of D. C.*, 303 Ga. App. 395, 399 (1) (c) (693 SE2d 596) (2010); *In the Interest of J. L. B.*, 240 Ga. App. 655, 657 (2) (523 SE2d

645) (1999). Here, the trial court's order concluded that C. M. would not be amenable to further treatment as a juvenile and thus, a balancing test was not required.

Based upon the above, we affirm the juvenile court's order granting the State's motion to transfer C. M.'s case to superior court, but we remand the case for the entry of an order specifically dismissing the case pursuant to OCGA § 15-11-566.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Reese, P. J., and Markle, J., concur.*