303 Ga. 542
FINAL COPY

S17G1344. IN THE INTEREST OF K. S., a child.

HUNSTEIN, Justice.

We granted certiorari in this case to address whether Georgia's new Juvenile Code requires a party to follow the interlocutory appeal procedures laid out in OCGA § 5-6-34 (b) when appealing an order concerning the transfer of a case from juvenile to superior court. We hold that it does not and, in so doing, we reverse the decision of the Court of Appeals and remand the case to be decided on the merits.

The relevant facts, as recited by the Court of Appeals, are as follows:

[A]fter a series of car break-ins, the State filed delinquency petitions in the Juvenile Court of Douglas County alleging that five juvenile defendants (J. H., A. L., T. L., J. C., and K. S.) had committed acts in July 2015 which, if committed by an adult, would have constituted 32 counts of entering an automobile with the intent to commit a theft, one count of criminal gang activity, and one count of theft by taking. The delinquency petitions were originally filed in September 2015 and were later amended.

The State filed motions to transfer the delinquency cases to the Superior Court of Douglas County for prosecution. After

conducting hearings on the State's motions, the juvenile court entered orders transferring the delinquency cases to superior court.

In the Interest of J. S., 340 Ga. App. 733, 733 (797 SE2d 185) (2017). K. S., along with his juvenile co-defendants, directly appealed the juvenile court's transfer orders, which the Court of Appeals dismissed, concluding that the plain language of OCGA § 15-11-564 required a party appealing a transfer order to follow the interlocutory appellate procedures of OCGA § 5-6-34 (b). Id. at 735-738. We disagree.

As this Court has previously explained, "the right to appeal is not constitutional, but instead depends on statutory authority." Jones v. Peach Trader Inc., 302 Ga. 504, 511 (807 SE2d 840) (2017) (citing Islamkahn v. Khan, 299 Ga. 548, 550 (2) (787 SE2d 731) (2016)). "A statute draws its meaning, of course, from its text," Chan v. Ellis, 296 Ga. 838, 839 (770 SE2d 851) (2015), and we must give the statutory text its plain and ordinary meaning, viewing it in the context in which it appears, and reading it in its most natural and reasonable way, Deal v. Coleman, 294 Ga. 170, 172-173 (751 SE2d 337) (2013). "The common and customary usages of the words are important, but so is their context." (Citation and punctuation omitted.) Tibbles v. Teachers

2

Retirement System of Ga., 297 Ga. 557, 558 (775 SE2d 527) (2015). "For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question." (Citation and punctuation omitted.) Zaldivar v. Prickett, 297 Ga. 589, 591 (774 SE2d 688) (2015). When we construe such statutory authority on appeal, our review is de novo. Hankla v. Postell, 293 Ga. 692, 693 (749 SE2d 726) (2013). With these principles in mind, we turn to the statutory text in question.

Prior to the enactment of Georgia's new Juvenile Code, Georgia law allowed a juvenile defendant to directly appeal an order transferring a case from juvenile to superior court because such orders were determined to be final judgments. See, e.g., J. T. M. v. State, 142 Ga. App. 635 (236 SE2d 764) (1977); OCGA § 15-11-3, as it provided in 2012.[1] When the General Assembly

---

[1] In all cases of final judgments of a juvenile court judge, appeals shall be taken to the Court of Appeals or the Supreme Court in the same manner as appeals from the superior court. However, no such judgment or order shall be superseded except in the discretion of the judge; rather, the judgment or order of the court shall stand until reversed or modified by the reviewing court.

significantly revised Georgia's Juvenile Code, see Ga. L. 2013, p. 294,[2] it enacted OCGA § 15-11-560 et seq., which address, inter alia, the transfer of a case from juvenile to superior court for criminal prosecution. Relevant to this case is OCGA § 15-11-564, which provides:

> (a) The decision of the [juvenile] court regarding transfer of the case [to superior court] shall only be an interlocutory judgment which either a child or the prosecuting attorney, or both, have the right to have reviewed by the Court of Appeals.
> (b) The pendency of an interlocutory appeal shall stay criminal proceedings in superior court. A child transferred for trial as an adult in superior court shall be detained only in those places authorized for the preadjudication detention of a child as set forth in Code Section 15-11-504.

Id.

In its decision below, the Court of Appeals held that the General Assembly's inclusion of the phrases "interlocutory judgment" and "interlocutory appeal" invoked OCGA § 5-6-34 (b). Though OCGA § 5-6-34 (b) is generally known within the legal practice as the "interlocutory appeal" statute, the Code section does not include that phrase, and the mere use of the word "interlocutory" does not automatically trigger its application. Furthermore, by

---

[2] The new Juvenile Code took effect January 1, 2014.

training its focus on the words "interlocutory judgment" and "interlocutory appeal," the Court of Appeals rendered meaningless a key phrase of the statute, namely that the parties "have the *right* to have review[ ]." This is an outcome which we must avoid. See Slakman v. Continental Cas. Co., 277 Ga. 189, 190 (587 SE2d 24) (2003) (explaining that, when interpreting a statute, a court must avoid "a construction that makes some language mere surplusage").

Turning to the language of OCGA § 15-11-564, the statute makes a juvenile court's transfer decision an "interlocutory judgment" that the parties "have the right to have reviewed." Id. at (a). Webster's Dictionary defines a "right" as "an absolute right *not depending on discretion* or favor." (Emphasis supplied.) Webster's Third International Dictionary 1955 (1967).[3] In contrast, it is well settled that OCGA § 5-6-34 (b) requires a party to seek and receive permission from both the trial and appellate courts before appealing an interlocutory order. See Islamkahn, 299 Ga. at 550 (2). See also Peach Trader Inc., 302 Ga. at 511 (explaining that OCGA § 5-6-34 (b) requires a party to

---

[3] See also Black's Law Dictionary 1517 (10th ed. 2014) (defining "right" as "[s]omething that is due to a person by just claim, legal guarantee, or moral principle," or "[a] power, privilege, or immunity secured to a person by law").

obtain permission from both the trial court and the appellate court prior to appeal). In other words, an appeal of an interlocutory order pursuant to OCGA § 5-6-34 (b) is controlled by the *discretion* of both the trial and appellate courts, giving parties the right to *seek* review of a judgment. By including the phrase "have the right to have reviewed" within OCGA § 15-11-564 (a), the General Assembly has removed all discretion from the trial and appellate courts that is prescribed via OCGA § 5-6-34 (b) and, instead, has made these interlocutory orders directly appealable.

The State argues that a party's right to have its appeal reviewed is satisfied upon the filing of an application for an interlocutory appeal via OCGA § 5-6-34 (b), because the appellate courts are required to "review" the parties' enumerations and arguments before granting or denying such an appeal. This is inaccurate, as the "review"[4] provided for in OCGA § 5-6-34 (b) does not occur until an appellate court exercises its discretion to grant the application to appeal, and the party files a notice of appeal in order "to *secure a review* of the

---

[4] Black's Law Dictionary defines "review" as the "[p]lenary power to direct and instruct an agent or subordinate, including the right to remand, modify, or vacate any action by the agent or subordinate, or to act directly in place of the agent or subordinate." Id. at 1514 (10th ed. 2014).

issues." (Emphasis supplied.) Id. See also OCGA § 5-6-34 (d) (providing for the review of all decisions which may affect the trial court proceedings below, but only "[w]here an appeal is taken under any provision of subsection (a), (b), or (c)" of OCGA § 5-6-34).

Our conclusion that OCGA § 15-11-564 provides for a direct appeal of juvenile court transfer orders is bolstered by OCGA § 15-11-564 (b), which stays the proceedings in superior court during the pendency of the appeal.[5] When a party seeks an interlocutory appeal pursuant to OCGA § 5-6-34 (b), the proceedings in the lower court are *not* stayed until an order is issued granting the application and the party subsequently files a notice of appeal. On the other hand, similar to a direct appeal, OCGA § 15-11-564 (b) stays proceedings in the superior court as soon as the appeal of the juvenile court's decision is pending. Simply put, an appeal of a decision regarding the transfer of a juvenile to superior court immediately stays the proceedings below, whereas the interlocutory appeal procedures of OCGA § 5-6-34 (b) require the application

---

[5] We note that OCGA § 15-11-564 (b) does not speak to whether the juvenile court's proceedings are automatically stayed if the State seeks to appeal an order denying the transfer of a case to superior court. This issue is not before us; therefore, we do not address it.

7

to appeal be granted and a notice of appeal filed prior to the stay of the proceedings.

The General Assembly's similar treatment of other interlocutory orders further supports this Court's interpretation. Indeed, the legislature has provided numerous instances in which an interlocutory order, though not final, can be directly appealed to the appellate courts. See Sosniak v. State, 292 Ga. 35, 37 (734 SE2d 362) (2012) (explaining that OCGA § 5-6-34 (a) (2) through (12) "authorize[s] direct appeals of 11 specific types of trial court rulings that the General Assembly has deemed important enough to the case, or dispositive enough of the case, to warrant an immediate appeal, even though such rulings are often interlocutory rather than final judgments"); In re Paul, 270 Ga. 680, 682, n.6 (513 SE2d 219) (1999).

Based on the foregoing, and reading the statute in its most natural and reasonable way, OCGA § 15-11-564 provides that decisions regarding the transfer of juveniles to superior court, though interlocutory in nature, are directly appealable to the Court of Appeals. Consequently, the Court of Appeals

8

erred in dismissing K. S.'s appeal, and we remand the case for the court to consider K. S.'s claims on the merits.

Judgment reversed and case remanded.  All the Justices concur.

Decided  May 7, 2018.

Certiorari to the Court of Appeals of Georgia — 340 Ga. App. 733.

James J. Anagnostakis, for appellant.

Brian K. Fortner, District Attorney, Sean A. Garrett, Kristi W. Wilson, Assistant District Attorneys, for appellee.