**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**October 23, 2020**

# In the Court of Appeals of Georgia

A20A1193. IN THE INTEREST OF J. A., a child.        DO-041 C

DOYLE, Presiding Judge.

J. A., a juvenile, was charged as an adult in superior court with two counts of armed robbery[1] and one count of battery.[2] J. A. moved to transfer his case to juvenile court,[3] and the superior court denied the motion. J. A. filed this direct appeal, which we dismiss because we lack jurisdiction. [4]

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-5-23.1 (a). Two other individuals were also charged in the indictment, but they are not parties to this appeal.

[3] J. A. also filed a motion to declare OCGA § 15-11-560 unconstitutional and to demand a jury trial. He does not challenge the superior court's ruling on that motion.

[4] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of

In May 2019, the Gwinnett County District Attorney charged J. A. as an adult via indictment in superior court with two counts of armed robbery and one count of battery.[5] J. A., who was 14 years old at the time of the commission of the charged offenses, moved to transfer his case to juvenile court pursuant to OCGA §§ 15-11-561 and 15-11-567. Following a hearing, the superior court denied the motion, noting in the order that there was "a significant factual dispute as to whether the robbery in this case was perpetrated using a firearm as defined in OCGA § 15-11-560 (h)."[6] J. A. filed a direct appeal of the superior court's decision.

J. A. argues that the superior court erred by failing to transfer his case to juvenile court pursuant to OCGA § 15-11-567 (a), which mandates the transfer of a criminal proceeding against an accused appearing to be a child if the superior court does not have exclusive original jurisdiction. He points to the fact that the indictment here did not allege that the armed robbery was committed with a firearm, so the

considering the case en banc.

[5] The armed robbery counts accused J. A. of unlawfully taking the property of two individuals "by use of an article having the appearance of an offensive weapon, to wit: a handgun."

[6] As the superior court noted, J. A. told police he used "a real gun, . . . a real 1911," while one of his co-defendants described the weapons used as "pellet guns."

superior court did not have exclusive original jurisdiction under OCGA § 15-11-560 (b) (8).[7] The State argues, among other things, that this appeal should be dismissed for lack of jurisdiction because a juvenile has no right to a direct appeal from a superior court order denying a request to transfer to juvenile court. The State is correct.

> As [the Supreme] Court has previously explained, the right to appeal is not constitutional, but instead depends on statutory authority. A statute draws its meaning, of course, from its text, and we must give the statutory text its plain and ordinary meaning, viewing it in the context in which it appears, and reading it in its most natural and reasonable way. The common and customary usages of the words are important, but so is their context. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question. When we construe such statutory authority on appeal, our review is de novo.[8]

[7] The Juvenile Code defines "firearm" as "a handgun, rifle, shotgun, or other weapon which will or can be converted to expel a projectile by the action of an explosive or electrical charge." OCGA § 15-11-560 (h).

[8] (Citations and punctuation omitted.) *In the Interest of K. S.*, 303 Ga. 542, 543-544 (814 SE2d 324) (2018). See *Duke v. State*, 306 Ga. 171, 172 (1) (829 SE2d 348) (2019) ("Georgia law is well settled that the right to appeal is not constitutional, but instead depends on statutory authority. The provisions of the law respecting the procedure to be followed in perfecting appeals to this Court are jurisdictional, and

Under OCGA § 5-6-34 (a) (1), an appeal may be taken from a final judgment "where the case is no longer pending in the court below[.]" If the case remains pending, compliance with the interlocutory appeal procedure generally is required.[9] Ordinarily, transfer orders are interlocutory.[10] Nonetheless, J. A. contends and the dissent agrees that J. A. is entitled to a direct appeal under OCGA § 15-11-564 (a), which provides:

> (a) The decision of the court regarding transfer of the case shall only be an interlocutory judgment which either a child or the prosecuting attorney, or both, have the right to have reviewed by the Court of Appeals.

With respect to juvenile court transfer order decisions, the Supreme Court explained in *In the Interest of K. S.*,

> [p]rior to the enactment of Georgia's new Juvenile Code, Georgia law allowed a juvenile defendant to directly appeal an order transferring a case from juvenile to superior court because such orders were determined to be final judgments. When the General Assembly

unless this Court has jurisdiction of a case, it is without power or authority to render a judgment upon review.") (citation and punctuation omitted).

[9] See OCGA § 5-6-34 (b); *Duke*, 306 Ga. at 172 (1).

[10] See *In the Interest of W. L.*, 335 Ga. App. 561, 562 (782 SE2d 464) (2016).

4

significantly revised Georgia's Juvenile Code, it enacted *OCGA §
15-11-560 et seq*., *which address,* inter alia*, the transfer of a case from
juvenile to superior court for criminal prosecution*.[11]

The Court concluded that "reading the statute in its most natural and reasonable way,

OCGA § 15-11-564 provides that *decisions regarding the transfer of juveniles to*

*superior court*, though interlocutory in nature, *are directly appealable* to the Court

of Appeals."[12]

The issue here is whether "the court" referred to in Paragraph (a) of this Code

section includes a *superior court* ruling on a motion to transfer a criminal case to

*juvenile court*. OCGA § 15-11-2 (15) defines "court" as used in the Juvenile Code as

"the juvenile court or the court exercising jurisdiction over juvenile matters," and the

dissent argues that the superior court has jurisdiction over certain juvenile matters

pursuant to OCGA § 15-11-560 (a) and (b) and is therefore necessarily included in

that definition. But in this case, the superior court was not exercising jurisdiction over

a juvenile matter because J. A. had been charged as an adult in an indictment filed in

---

[11] (Citations omitted; emphasis supplied.) *K. S.*, 303 Ga. at 544, citing *J. T. M.
v. State*, 142 Ga. App. 635 (236 SE2d 764) (1977); OCGA § 15-11-3 (2012); Ga. L.
2013, p. 294.

[12] (Emphasis supplied.) *K. S.*, 303 Ga. at 546.

superior court. Instead, it was acting in its capacity as a superior court when considering the motion to transfer based on J. A.'s argument that the superior court lacked jurisdiction over what should have been a juvenile matter. The mere fact that J. A. was under 17 does not transform the superior court into a "court exercising jurisdiction over a juvenile matter" under OCGA § 15-11-2 (15).[13]

Furthermore, throughout the Juvenile Code, the General Assembly used the term "the court" to refer to the juvenile court.[14] And we cannot overlook the General Assembly's use of the term "superior court" in OCGA § 15-11-564 (b), which provides:

> The pendency of an interlocutory appeal shall stay criminal proceedings in superior court. A child transferred for trial as an adult in superior

---

[13] If a superior court grants a motion to transfer to juvenile court, the matter becomes a juvenile case after the transfer. See generally OCGA § 15-11-567.

[14] See, e.g., OCGA §§ 15-11-560 (a) (referring to juvenile court as "the court"); 15-11-560 (b) (referring to superior court as "superior court"); 15-11-561 (a) (addressing waiver of juvenile court jurisdiction and transfer to superior court and referring to juvenile court as "the court" and to superior court as "superior court"); 15-11-562 (a) (referring to juvenile court as "juvenile court" and to superior court as "superior court"); 15-11-566 (addressing dismissal order by juvenile court upon transfer to superior court and referring to juvenile court as "the court" or "juvenile court," while referring to superior court as "superior court"); 15-11-567 (addressing mandatory transfers to juvenile courts and referring to juvenile court as "juvenile court" and superior court as "superior court").

6

court shall be detained only in those places authorized for the preadjudication detention of a child as set forth in Code Section 15-11-504.

Had the legislature intended for the term "court" in subsection (a) of this Code section to refer to transfer decisions of both juvenile and superior courts, it would not have referred only to "superior court" in subsection (b). Moreover, paragraph (b) of this Code section provides only that "[t]he pendency of an interlocutory appeal shall stay criminal proceedings in superior court." Reading paragraph (a) as J. A. urges would mean that cases in juvenile court following an order regarding transfer could proceed during the appeal, while those in superior court could not, which arbitrary result we do not accept.

Contrary to the dissent's argument, exempting superior court transfer orders from direct appeal under OCGA § 15-11-564 (a) does not render meaningless the Code section's mandate that "the parties have the right to have review." OCGA § 15-11-564 (a) provides *both* parties with the right to *directly* appeal a juvenile court

order regarding transfer. And the Code contemplates different avenues of appeal depending on the circumstances.[15]

Accordingly, OCGA § 15-11-564 (a) does not apply to the superior court's order denying J. A.'s motion to transfer his case to juvenile court. To appeal it, J. A. was required to comply with the interlocutory appeal procedures, which include obtaining a certificate of immediate review from the superior court and filing an application in this Court for interlocutory appeal.[16] His failure to do so deprives this Court of jurisdiction over this appeal.

*Appeal dismissed. Hodges, J., concurs. McFadden, C. J., dissents.*

---

[15] For example, under OCGA § 15-11-560 (e) (1), the State has a right under OCGA § 5-7-1 to a direct appeal of a superior court order transferring to juvenile court any case involving a child 13 to 17 years of age alleged to have committed voluntary manslaughter, aggravated sodomy, aggravated sexual battery, aggravated assault if committed with a firearm upon a public safety officer as prohibited by OCGA § 16-5-21 (c), or aggravated battery upon a public safety officer as prohibited by OCGA § 16-5-24 (c). There would be no reason to enact OCGA § 15-11-560 (e) (1) if, as J. A. and the dissent contend, OCGA § 15-11-564 (a) gives both parties the right to directly appeal a superior court order ruling on a motion to transfer.

[16] See *In the Interest of W. L.*, 335 Ga. App. at 563; *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010).

8

A20A1193. IN THE INTEREST OF J. A., a child.

McFADDEN, Chief Judge, dissenting.

I respectfully dissent.

The statute under which our jurisdiction is invoked authorizes direct appeals from transfer rulings by both juvenile and superior courts. So I would reach the merits.

As for the merits, the indictment before us alleges a form of armed robbery over which juvenile and superior courts have concurrent jurisdiction. The authority to decide which court should exercise jurisdiction over a prosecution for that form of

armed robbery is reposed in the juvenile courts. So I would reverse with direction to transfer to juvenile court so that it can make that decision.

1. *Jurisdiction.*

Our jurisdictional analysis should begin and end with the plain text of OCGA § 15-11-564 (a): "The decision of the court regarding transfer of the case shall only be an interlocutory judgment which either a child or the prosecuting attorney, or both, have the right to have reviewed by the Court of Appeals." Our Supreme Court has explained that the phrase "have the *right* to have review[ ]" authorizes a direct appeal under OCGA § 5-6-34 (a) rather than an interlocutory appeal under OCGA § 5-6-34 (b). *In Interest of K.S.*, 303 Ga. 542, 545 (814 SE2d 324) (2018) (emphasis in Supreme Court opinion).

Even if the majority was right and OCGA § 15-11-564 (a) did not apply to transfer decisions by superior courts, J. A. would still be entitled to a direct appeal. Before OCGA § 15-11-564 (a) was enacted, transfer orders had been determined to be final judgments subject to direct appeal. See *In Interest of K.S.*, 303 Ga. at 544. So if "court" as used in OCGA § 15-11-564 (a) did not encompass superior courts, then transfer orders issued by superior courts would be subject to that prior law, and the order before us would be a final judgment subject to direct appeal.

But the majority is not right. "Courts" as used in OCGA § 15-11-564 (a) includes superior courts.

That is clear from the context. OCGA § 15-11-564 (a) is one of eight statutes that comprise Part 9 of the Juvenile Code. Part 9 is entitled "Transfers." It sets out a fairly complicated classification scheme, turning on the category and severity of the offense and the age of the child. (As explained below, the proper classification of this case is the substantive issue on appeal.)

Under that classification scheme, superior courts have exclusive jurisdiction over some cases, juvenile courts have exclusive jurisdiction over others, and the two classes of courts have concurrent jurisdiction over others. Where the two courts have concurrent jurisdiction, the authority to decide which court shall exercise jurisdiction is reposed in the superior court for some cases, in the juvenile court for some, and in the district attorney for some. In that context, the plain meaning of "courts" encompasses both classes of court. And by holding otherwise, we add an unauthorized complication to an already complicated statutory scheme.

It is true, as the majority points out, that recognition of that plain meaning implies acknowledgment of instances were the relevant statutes are repetitive. But we

do not disregard the plain meaning of statutory language on the basis that it might have been made plainer.

The Juvenile Code's statutory definition of "court" as "the juvenile court or the court exercising jurisdiction over juvenile matters," OCGA § 15-11-12 (15), does not lead us to a different result. That definition serves no purpose as to superior courts sitting as juvenile courts. "Where a superior court judge sits as a juvenile court judge, the orders issued by him are orders of that court and not of the superior court[.]" *Turnell v. Johnson*, 223 Ga. 309, 309 (154 SE2d 591) (1967). See OCGA § 15-11-50 (c) ("If no person is appointed as a juvenile court judge for a circuit, then a superior court judge of the circuit shall as part of the duties of the superior court judge assume the duties of the juvenile court judge in all counties in the circuit in which a separate juvenile court judgeship has not been established."). Instead, that definition necessarily contemplates a superior court "exercising jurisdiction over juvenile matters" — while sitting as a superior court and exercising the jurisdiction of a superior court.

While that statutory definition does incorporate the undefined expression "juvenile matters," the plain meaning of that expression includes the set of procedures set out in the Juvenile Code to determine if a child shall be deemed an

4

adult. Once a determination has been made that a child shall be so deemed, he is relegated to the criminal law; and his prosecution is no longer a juvenile matter. But even if the child ultimately is deemed an adult, the determination itself is made under the procedure set out in the Juvenile Code and so is a juvenile matter. When the superior court made that determination in this case, the court was exercising discretion over a juvenile matter.

That statutory definition could not be clearer that "court" is sometimes used in the Juvenile Code to refer to a court other than the juvenile court. It is unremarkable, and should not distract us from the plain meaning of the text, that the Juvenile Code is usually talking about the juvenile courts when it uses the word "court" without specification. But in the context of a discussion of a division of responsibilities between the juvenile and superior courts, the plain meaning of "decision of the court" references whichever court made the decision.

So OCGA § 15-11-564 (a) provides for our direct appellate review of the transfer decision in this case, and we must reach the merits of that decision.

2. *Transfer*.

The superior and juvenile courts generally have concurrent jurisdiction over offenses, alleged to have been committed by children, "for which an adult may be

5

punished by loss of life, imprisonment for life without possibility of parole, or confinement for life in a penal institution." OCGA § 15-11-560 (a). Armed robbery is such an offense. OCGA § 16-8-41 (b). The authority to decide which court will exercise that jurisdiction, and so whether the accused will be tried as a child or an adult, is generally reposed in the juvenile courts. OCGA §§ 15-11-561, 15-11-567 (a).

But the superior courts have "exclusive original jurisdiction over the trial of any child 13 to 17 years of age who is alleged to have committed" certain serious offenses, OCGA § 15-11-560 (b), including "[a]rmed robbery *if committed with a firearm*[.]" OCGA § 15-11-560 (b) (8) (emphasis supplied). The superior courts may transfer to the juvenile courts some of the categories of cases over which they have exclusive original jurisdiction. OCGA § 15-11-560 (e) (1). But cases of armed robbery if committed with a firearm are among those a superior court may not transfer. Compare OCGA § 15-11-560 (e) (1) with OCGA § 15-11-560 (b) (8). But see OCGA § 15-11-560 (d) (authorizing transfers by the district attorney).

In the case before us there is a dispute about whether the robbery was committed with a firearm. So J. A. argues that the superior court was required to transfer this case to the juvenile court and that it is up to the juvenile court to decide

6

whether he is to be tried as a child or as an adult. He relies on OCGA § 15-11-567 (a), which provides,

> [e]xcept in those cases in which the superior court has exclusive original jurisdiction or juvenile court jurisdiction has been terminated and the child has been transferred to superior court, if it appears to any court in a criminal proceeding or a quasi-criminal proceeding that the accused is a child, the case shall forthwith be transferred to the juvenile court[.]

The applicability of this provision turns on whether the superior court had exclusive original jurisdiction or shared concurrent jurisdiction with the juvenile court. I would hold that the superior and juvenile court had concurrent jurisdiction to try this case and that the authority to decide which court should try it is reposed in the juvenile court. So the trial court erred in denying J. A.'s motion to transfer the case to juvenile court.

The statute assigning jurisdiction defines the term "firearm" in a limited way; that term "means a handgun, rifle, shotgun, or other weapon which will or can be converted to expel a projectile by the action of an explosive or electrical charge." OCGA § 15-11-560 (h). In contrast, the statute defining the offense of armed robbery is broader, permitting an armed robbery to be committed using "an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-

7

8-41 (a). Consequently, a superior court has exclusive original jurisdiction over the trial of a child 13 or over who is alleged to have committed armed robbery using a firearm, but it has concurrent jurisdiction over the trial of a child who is alleged to have committed armed robbery using another offensive weapon or a replica, article, or device having the appearance of a firearm.

Here there is a factual dispute in this case as to whether J. A. used a firearm, as defined by OCGA § 15-11-560 (h), or a BB gun, and the indictment is drafted so that it could sustain an armed robbery conviction in either instance. The indictment alleges that J. A., who was 14 at the time of the offense, committed armed robbery "by use of an article *having the appearance of* an offensive weapon, to wit: a handgun." (Emphasis supplied.) But as a consequence of being so drafted, the indictment equivocates in a way that affects whether the superior court had exclusive or concurrent jurisdiction. This ambiguity in turn affects whether the superior court was required to transfer the case to juvenile court under OCGA § 15-11-567 (a), or whether the superior court was required to retain jurisdiction over the case under OCGA § 15-11-560 (e).

This ambiguity must be resolved in J. A.'s favor. Our Juvenile Code, including the provisions regarding jurisdiction over delinquency actions, "shall be liberally

8

construed to reflect that the paramount child welfare policy of this state is to determine and ensure the best interests of its children." OCGA § 15-11-1. Construing OCGA § 15-11-560 to confer concurrent jurisdiction in this case satisfies the policy stated by our General Assembly in OCGA § 15-11-1, because such construction gives the juvenile court the discretion to determine whether J. A. should be prosecuted in superior court. See OCGA §§ 15-11-561, 15-11-562 & 15-11-567.

So the superior court's order should be reversed and the case remanded with instructions that it be transferred to the juvenile court.