**THIRD DIVISION
MCFADDEN, C. J.,
DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.***

**January 8, 2021**

# In the Court of Appeals of Georgia

A20A2077. MASSENGILLE v. THE STATE.          DO-072

DOYLE, Presiding Judge.

Following a stipulated bench trial, Adonis Christopher Massengille appeals from his conviction for fleeing or attempting to elude a police officer, failure to stop at a stop sign, and reckless driving. Massengille contends that the trial court erred by sentencing him to a split sentence for the fleeing count pursuant to OCGA § 40-6-395 (b) (5) (B). As conceded by the State, the trial court incorrectly applied this sentencing provision, so we affirm the judgment of conviction but vacate the sentence and remand for resentencing in accordance with this opinion.

The factual background in this case is not materially different from that summarized in Massengille's earlier appeal from the denial of his plea in bar:[1]

> [I]n January 2018, a Walton County sheriff's deputy observed a vehicle driven by Massengille run a stop sign, so the deputy attempted to initiate a traffic stop. Instead of stopping, Massengille sped up, passed another vehicle, and soon thereafter left the roadway out of control. Seconds later, Massengille resumed his flight, and the deputy pursued, at times reaching more than 90 miles per hour. Due to foggy conditions causing poor visibility, a sergeant called an end to the pursuit out of concern for safety. The deputy radioed in his position and a description of Massengille's vehicle and headed to the sheriff's office to begin his report of the pursuit. The description and time of pursuit were shared with surrounding jurisdictions, and as he was en route to the office, the deputy heard a dispatch transmission that the City of Monroe police had made contact with the vehicle and attempted to conduct a traffic stop. The deputy was further advised that Monroe police had lost contact, and the vehicle was traveling toward Social Circle.

---

[1] In *Massengille v. State*, 356 Ga. App. 729 (848 SE2d 902) (2020), we resolved Massengille's appeal from the denial of his plea in bar based on procedural double jeopardy. During the pendency of that appeal, Massengille was tried in a bench trial, giving rise to the present appeal. See generally *Harvey v. State*, 296 Ga. 823, 829, n. 2 (770 SE2d 840) (2015) ("Where a defendant files a notice of appeal challenging the denial of a plea in bar that the trial court finds to be frivolous or dilatory, the defendant may be retried, convicted, and sentenced despite the pendency of the defendant's appeal."). He does not challenge being tried during the appeal of his plea in bar.

Fifteen minutes later, as the deputy wrote up his report at his desk, he heard the call that a vehicle matching the one he pursued had crashed into a tree and was on fire at a nearby location. Massengille was identified as the driver at the scene and arrested.[2]

Massengille was indicted in Walton Superior Court for fleeing or attempting to elude a police officer, failure to stop at a stop sign, speeding, failure to maintain lane, improper passing, reckless driving, driving while his license was suspended, and misdemeanor possession of marijuana. Following a stipulated bench trial, the trial court found Massengille guilty of fleeing an officer, failing to stop, and reckless driving; the license infraction and marijuana possession counts were nolle prossed, and the counts for speeding, failure to maintain lane, and improper passing merged for purposes of sentencing. The court sentenced Massengille as follows: for fleeing (Count 1), five years with the first two in confinement and the remainder on probation; for failure to stop (Count 2), twelve months probation consecutive to Count 1; for reckless driving (Count 6), twelve months of probation consecutive to Count 2.

---

[2] *Massengille*, 356 Ga. App. at 730.

On appeal, and at the sentencing hearing, both Massengille and the State argued that as to Count 1 (fleeing at a speed more than 20 miles per hour above the speed limit), Massengille's split sentence of confinement plus probation is not authorized by the applicable statutory language, OCGA § 40-6-395 (b) (5) (A) & (B). That language provides:

> (A) Any person violating the provisions of subsection (a)[3] of this Code section who, while fleeing or attempting to elude a pursuing police vehicle or police officer:
>
> (i) Operates his or her vehicle in excess of 20 miles an hour above the posted speed limit; . . . shall be guilty of a felony punishable by a fine of $5,000.00 or imprisonment for not less than one year nor more than five years or both.
>
> (B) *Following adjudication of guilt or imposition of sentence for a violation of subparagraph (A) of this paragraph, the sentence shall not be suspended, probated, deferred, or withheld, and the charge shall not be reduced to a lesser offense, merged with any other offense, or served concurrently with any other offense.*[4]

---

[3] Subsection (a) provides, in relevant part: "It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop."

[4] (Emphasis supplied.)

4

Despite this language, the trial court reasoned that probation must be authorized because, for example, it would be an absurdity to impose a fine with no probation because, it reasoned, doing so would render the fine unenforceable, presumably through revocation of probation. To avoid this, the trial court read the provision such that "you can fine, you can confine, have a split sentence and both fine, give a term of probation[,] and fine a person. That is what this Court is operating on."

It is axiomatic that applying a statute requires ascertaining its meaning. "A statute draws its meaning, of course, from its text, and we must give the statutory text its plain and ordinary meaning, viewing it in the context in which it appears, and reading it in its most natural and reasonable way."[5] "Though we may review the text of the provision in question and its context within the larger legal framework to discern the intent of the legislature in enacting it, where the statutory text is clear and

---

[5] (Citations and punctuation omitted.) *In the Interest of K. S.*, 303 Ga. 542, 543 (814 SE2d 324) (2018), citing *Chan v. Ellis*, 296 Ga. 838, 839 (1) (770 SE2d 851) (2015), *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013).

unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning ends."[6]

Here, under OCGA § 40-6-395 (b) (5) (A), when a defendant is found guilty of fleeing with a speed more than 20 miles per hour over the speed limit, the sentencing statute authorizes the trial court to impose a fine of $5,000 and/or impose a sentence of "imprisonment for not less than one year nor more than five years." Under OCGA § 40-6-395 (b) (5) (B), "[f]ollowing adjudication of guilt or imposition of sentence for a violation of subparagraph (A) . . . , the sentence shall not be suspended, probated, deferred, or withheld. . . ." In other words, a sentence of imprisonment under subsection (b) (5) (A) cannot be "suspended, probated, deferred, or withheld."

The disposition signed by the trial court imposed a sentence of "[five] years with the first [two] years in confinement and the remainder on probation." According to the plain meaning of the language of subsection (b) (5) (A), such a sentence violates that provision's requirement that such a "sentence shall not be . . . probated." This reading is borne out by the fact that the other subparagraphs in this subsection

---

[6] (Citation and punctuation omitted.) *Patton v. Vanterpool*, 302 Ga. 253, 254 (806 SE2d 493) (2017).

6

provide that "[a]ny period of such imprisonment in excess of ten days [or 30 days or 90 days, depending on recidivism] may, in the sole discretion of the judge, be suspended, stayed, or probated."[7] Thus, within this Code section, the legislature made it clear that certain levels of the offense would be subject to a probated term of imprisonment after a certain amount is served.[8] This language is absent from subsection (b) (5) (A), and instead, the legislature added language in subsection (b) (5) (B), stating that sentences under (A) "shall not be . . . probated." This is a clear and unambiguous expression of legislative intent that those sentences must be for a term of confinement, if any, without probation. Accordingly, the trial court erred by interpreting the statute otherwise.[9]

---

[7] OCGA § 40-6-395 (b) (1) (A).

[8] See also OCGA § 16-8-14 (b) (1) (C) ("Upon conviction of a fourth or subsequent offense for shoplifting, where the prior convictions are either felonies or misdemeanors, or any combination of felonies and misdemeanors, as defined by this Code section, the defendant commits a felony and shall be punished by imprisonment for not less than one nor more than ten years; *and the first year of such sentence shall not be suspended, probated, deferred, or withheld*.") (emphasis supplied).

[9] The trial court's concern that a fine without the prospect of probation would be unenforceable and therefore absurd overlooks the court's contempt powers as well as the explicit enforcement mechanisms for criminal fines in OCGA § 17-10-20 (c), which authorizes execution of a writ of fieri facias through "levy, foreclosure, garnishment, and all other actions provided for the enforcement of judgments. . . ."

7

Based on the foregoing, we vacate the trial court's sentence and remand the case for resentencing in accordance with this opinion.

*Judgment of conviction affirmed, sentence vacated, and case remanded with direction. McFadden, C. J., and Hodges, J., concur.*